Filed 4/22/13  P. v. Romano CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TELESFORO ROMANO,<br><br>  Defendant and Appellant. | B242232<br><br>(Los Angeles County<br>Super. Ct. No. BA364494) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed as modified.

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

_____

Telesforo Romano appeals from the judgment entered after he pled no contest to charges of kidnapping and rape and admitted personally using a gun in committing both offenses. His appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) On November 1, 2012, we directed appointed counsel to send the record and a copy of counsel's brief to Romano and notified Romano of his right to respond within 30 days. We received no response.

The notice of appeal states that the appeal is based upon the sentence or other matters occurring after entry of the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b)(4).) We have reviewed the whole record under *People v. Kelly* (2006) 40 Cal.4th 106, focusing upon matters that arose after entry of the plea. Our review revealed that the minute order and abstract of judgment do not reflect the amount of the sexual offender fine under Penal Code section 290.3,[1] or the amount and statutory bases of penalty assessments on the fine. We invited the parties to brief the issue of penalty assessments. After considering their briefs, we modify the judgment to reflect penalty assessments on the sex offender fine in the amount of $780. As modified, the judgment is affirmed.

## PROCEDURAL SUMMARY

Romano was charged with kidnapping (§ 207, subd. (a)), rape (§261, subd. (a)(2)), criminal threats (§ 422), and assault with a firearm (§ 245, subd. (a)(1)). The charges included personal gun use allegations. (§§ 12022.5, 12022.53.) He also was charged with two counts of illegal gun possession. (§§ 12021, subd. (a)(1), 12025, subd. (a)(2).) The offenses were allegedly committed in October 2009. Two prior convictions were alleged as prior prison-term enhancements. (§ 667, subd. (b).)

At the start of his jury trial, Romano pled no contest to the kidnapping and rape charges and admitted the gun use allegations as to both. He was sentenced pursuant to a plea bargain to 37 years in prison, consisting of an 8-year upper term for the kidnapping,

_____

[1] Statutory references are to the Penal Code, unless otherwise specified.

with a 20-year gun enhancement, and a six-year, middle-term for the rape with a 3-year gun enhancement. The court imposed fees and fines and awarded presentence credit. It also ordered restitution to the Victim Compensation and Government Claims Board.

This timely appeal followed.

## DISCUSSION

On the record, the court imposed a $300 sex offender fine under section 290.3, plus unspecified penalty assessments. The minute order and abstract of judgment do not reflect the amount of the sex offender fine the court imposed or the amount of penalty assessments on the fine and their statutory bases.

The court's oral pronouncement of a sentence, rather than its entry in the minute order and abstract of judgment, constitutes the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) A short-hand reference to "penalty assessments" on the record, followed by the clerk's inclusion of the penalty assessment amounts in the minute order and abstract of judgment, is a common and acceptable practice. (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373; *People v. Sharret* (2011) 191 Cal.App.4th 859, 864; but see *People v. High* (2004) 119 Cal.App.4th 1192, 1200 [error not to recite all fines, fees, penalties and surcharges into record at sentencing].) All fines, fees, and penalties imposed must be separately listed in the abstract of judgment. (*People v. High*, at p. 1200.)

Both sides represent that the penalty assessments applicable to the fine in this case total $840, consisting of a 100 percent state penalty (§ 1464, subd. (a)(1)); a 70 percent county penalty (Gov. Code, § 76000, subd. (a)(1)); a 20 percent state surcharge (§ 1465.7, subd. (a)); a 30 percent state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a 20 percent emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)); a 10 percent penalty for implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (Gov. Code, § 76104.6, subd. (a)(1)); and a 30 percent state-only penalty to finance Department of Justice forensic laboratories (Gov. Code, § 76104.7, subd. (a)). The parties rely on the penalty assessments listed in *People*

*v. Voit*, *supra*, 200 Cal.App.4th 1353, 1373–1374 and *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528–1530. We note that both cases list a 10 percent penalty assessment under Government Code section 76104.7. The rate was increased to 30 percent, effective in 2010, after Romano's offenses took place. (See Stats. 2009-2010, ch. 3, § 1, eff. June 10, 2010.) The increased penalty does not apply to Romano. (See *People v. Voit*, at p. 1374 [punitive fund-raising measures cannot be applied retroactively].) The penalty assessments should be $780, rather than $840.

Because the penalty assessments are mandatory, their omission may be corrected for the first time on appeal. (*People v. Castellanos*, *supra*, 175 Cal.App.4th at p. 1530.) Accordingly, we modify the judgment to specify penalty assessments in the amount of $780. Additionally, under our authority to correct clerical errors (*People v. Mitchell* (2001) 26 Cal.4th 181, 185), we order the abstract of judgment amended to reflect the court's imposition of a $300 fine under section 290.3 and the penalty assessments we already mentioned.

Romano's appointed counsel urges us to remand the case so that the trial court could determine whether Romano has the ability to pay the sex offender fine in light of the penalty assessments. We find a remand unnecessary under the circumstances. While the court did not specify the exact amount of penalty assessments on the record, it indicated its intent to impose additional penalties, and stated that all fines and fees may be deducted from Romano's prison earnings. Romano did not object. Any argument based on his inability to pay is forfeited. (See *People v. McMahan* (1992) 3 Cal.App.4th 740, 749–750.)

4

## DISPOSITION

The judgment is affirmed as modified. The abstract of judgment must be amended to reflect the $300 sex offender fine under section 290.3 and $780 in penalty assessments on the fine.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                    EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.