Filed 5/28/13  P. v. Hightower CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B243259 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA055348) |
| v. | |
| TRACY HIGHTOWER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, for Plaintiff and Respondent.

_____

The jury convicted defendant and appellant Tracy Hightower of second degree commercial burglary (Pen. Code, § 459).[1]  In a bifurcated proceeding, defendant admitted he had suffered a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that he had served two prior prison terms (§ 667.5, subd. (b)).

The trial court denied probation and sentenced defendant to two years, doubled under the three strikes law, plus one year under section 667.5, subdivision (b), for a total of five years in state prison.  The court struck defendant's other prior prison term. Defendant was also assessed various fines and fees.

Defendant claims the trial court abused its discretion in refusing to strike his prior strike conviction for burglary.  Defendant also challenges the $10 crime prevention fee and $28 penalty assessed against him.

We affirm the judgment.

## DISCUSSION

We reject defendant's contention that the trial court abused its discretion when it refused to strike his prior strike conviction pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996)13 Cal.4th 497.

Under section 1385, subdivision (a), the trial court has discretion to strike a prior felony conviction allegation in furtherance of justice.  (*Romero*, *supra*, 13 Cal.4th at pp. 529-530.)  In order to do so, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)  A

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

trial court must enter a statement of reasons in the minutes of the court when dismissing a prior conviction; however, it is not required to "'explain its decision not to exercise its power to dismiss or strike.' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 376 (*Carmony*).)

This court reviews a ruling upon a motion to strike a prior felony conviction under a deferential abuse of discretion standard. (*Williams*, *supra*, 17 Cal.4th at p. 162.) The defendant bears the burden of establishing that the trial court's decision was unreasonable or arbitrary. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978 [presumption that trial court acts to achieve lawful sentencing objectives].) "Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling . . . ." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) "It is not enough to show that reasonable people might disagree about whether to strike one or more of [the defendant's] prior convictions." (*Ibid*.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

Defendant's present conviction is for the fraudulent return of a one-gallon can of paint and the theft of a one-gallon and a five-gallon can of paint from the Home Depot. The trial court considered as mitigating factors the nature and seriousness of the present offense and defendant's professed motivation for it—purportedly he stole the paint and attempted to return it to feed his young child. The court also weighed the factors in aggravation, including a long history of criminal activity encompassing crimes similar in nature to the present offense, and a propensity for "scamming." Defendant had a prior arrest in Oklahoma in 1992 for second degree burglary, for which he was sentenced to five years in prison. In 2000, defendant was convicted of first degree burglary (§ 459) for which he was sentenced to 24 months in prison. Following that, defendant was convicted of check fraud (§ 475, subd. (c)) in California in 2002 and sentenced to 28 months in

3

prison. Defendant also had three unspecified out-of-state arrests and two outstanding traffic warrants.[2]

In denying defendant's *Romero* motion, the trial court stated:

"[W]hatever the motivation was behind his criminal activities [on the day of the present offense], what [defendant] has demonstrated to this court, based on what occurred that day and in his past, is that he is a scam artist.

"He went into Home Depot that day, pulled some paint off the shelves and tried to return those very same items. Although the amount wasn't that great, it's just a scam. He has a forgery conviction in his past, so that type of behavior appears to be something that's continuing."

The trial court concluded the factors in mitigation and aggravation were "somewhat equal," such that defendant was not outside the letter and spirit of the three strikes law.

In light of the factors considered, the trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) Accordingly, we hold that it did not abuse its discretion in denying defendant's *Romero* motion.

---

[2]     In his reply brief, defendant argues for the first time that the trial court considered "impermissible factors" in denying his *Romero* motion. Absent a showing of good cause, we will not consider an argument raised for the first time in an appellate reply brief. (*Authority for California Cities Excess Liability v. City of Los Altos* (2006) 136 Cal.App.4th 1207, 1216, fn. 2.) The argument would fail even if we were to consider it on the merits, however. Defendant asserts the trial court improperly relied on the prosecution's unsubstantiated statement that defendant's rap sheet indicated "he had parole violations at least charged in 2005, '06, and '07." Directly after the prosecution made the statement, the trial court responded, "That's information that is not reflected in the probation report. [¶] Based on that, though, he has not led a legally blameless life since the strike conviction occurred. I cannot say he is outside the letter and the spirit of the three strikes law. So, therefore, I will deny the motion." We presume the trial court acted to achieve a legitimate sentencing objective (*Carmony*, *supra*, 33 Cal.4th at pp. 376-377) and interpret the trial court's statement to indicate it was relying on the probation report, which it properly considered.

4

We also reject defendant's argument that the trial court improperly assessed the $10 crime prevention fee and $28 penalty assessments against him because it failed to make a finding on his ability to pay the fees and because there was insufficient evidence in the record to support their imposition.[3] Defendant failed to object to the fees at trial, and thus forfeited the claim. (*People v. McCullough* (2013) __P.3d ___, 2013 WL1707962 [failure to object to trial court's imposition of jail booking fees below forfeited claim on appeal].)

Alternately, defendant argues that his claim was not waived because the $28 in penalty assessments was incorrectly calculated and thus constituted an unauthorized sentence, which can be appealed at any time. (*People v. Rodriguez* (2000) 80 Cal.App.4th 372, 376 ["[T]he failure to impose a mandatory fine results in an unauthorized sentence constituting jurisdictional error, which can be raised for the first time on appeal."].) We agree with the Attorney General that this contention is based on an erroneous calculation of the penalty assessment on defendant's part. Defendant argues that, based on the calculations outlined in *People v. Castellanos* (2009) 175 Cal.App.4th 1524, the penalty assessment should be $26, rather than $28.[4] Although defendant is

---

**3** Section 1202.5 provides, in relevant part: "(a) In any case in which a defendant is convicted of any of the offenses enumerated in Section 211, 215, 459, 470, 484, 487, 488, or 594, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. *If the court determines that the defendant has the ability to pay all or part of the fine*, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability." (Emphasis added.) The section has been interpreted to require the trial court to evaluate the defendant's financial situation before the fee may be imposed. (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1532 (*Castellanos*).)

**4** *Castellanos*, *supra*, 175 Cal.4th at page 1530 summarized its calculations as follows: "[W]hen a full $10 section 1202.5, subdivision (a) fine is imposed, trial courts in Los Angeles County must also impose seven additional sums: the $10 section 1464, subdivision (a)(1) penalty assessment; the $7 Government Code section 76000, subdivision (a)(1) penalty assessment; the $2 Government Code section 76000.5, subdivision (a)(1) penalty assessment; the $2 section 1465.7, subdivision (a) state

5

correct that the amount of the penalty assessments was $26 at the time *Castellanos* was issued, the state-only deoxyribonucleic acid penalty had been raised from $1 to $3 at the time of defendant's sentencing.  (Gov. Code, § 76104.7, subd. (a).)  Thus, the penalty assessment currently totals $28 and was not unauthorized.

For these reasons, we conclude defendant forfeited his contention.

## DISPOSITION

The judgment is affirmed.


KRIEGLER, J.


We concur:


ARMSTRONG, Acting, P. J.


O'NEILL, J.*

---

surcharge; the $3 Government Code section 70372, subdivision (a)(1) state court construction penalty; the Government Code section 76104.6, subdivision (a)(1) $1 deoxyribonucleic acid penalty; and the Government Code section 76104.7, subdivision (a) $1 deoxyribonucleic acid state-only penalty. Thus, the additional sum due is $26 if the trial court, as it did here, imposes the full section 1202.5, subdivision (a) $10 fine in Los Angeles County."

\*      Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.