Filed 6/11/13  P. v. Morrow CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D061945 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE314763) |
| CYNTHIA LEIGH MORROW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Allan J. Preckel, Judge.  Affirmed as modified.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

Cynthia Leigh Morrow appeals a judgment following her conviction of inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and assault with a deadly weapon (§ 245, subd. (a)(1)). On appeal, she contends the trial court erred by imposing certain fines and fees. She also contends the probation order does not correctly reflect the number of days of presentence custody credits awarded by the court.

FACTUAL AND PROCEDURAL BACKGROUND

Because Morrow's appellate contentions are not based on the specific facts of her offenses, we set forth only a brief summary of those facts. On September 22, 2011, Morrow was living with John Dupuis and had a romantic relationship with him. At about 6:00 or 6:30 a.m., Morrow stabbed Dupuis in the stomach with a knife.

An information charged Morrow with inflicting corporal injury on a cohabitant (§ 273.5, subd. (a)) and assault with a deadly weapon (§ 245, subd. (a)(1)). It also alleged she personally used a deadly weapon in committing those offenses (§ 1192.7, subd. (c)(23)). After waiving her right to a jury trial, the court found her guilty of the charged offenses and found true the section 1192.7, subdivision (c)(23) allegations. The court granted her formal probation for five years on the condition she serve 365 days in local custody. It also ordered her to pay certain fines and fees. Morrow timely filed a notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

I

*Penalty Assessment*

Morrow contends the trial court erred by imposing a total penalty assessment of $560 instead of $340.

A

The probation department recommended the trial court order Morrow to pay a total fine of $800, consisting of a $200 base fine, a $40 surcharge, and a $560 penalty assessment. At the sentencing hearing, the court adopted the recommendation and ordered her to pay the $800 fine.

B

The People assert, and we agree, Morrow has forfeited or waived her contention by not objecting to the fine at the time of sentencing. In *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), the California Supreme Court noted it had held on numerous occasions that a defendant may forfeit a constitutional or other right by not timely asserting it. (*Id*. at p. 593.) Errors that can be easily corrected or avoided should be timely brought to the trial court's attention. (*Ibid*.) In *McCullough*, the court addressed the question of whether a defendant forfeited a challenge to a Government Code section 29550.2 booking fee by not objecting at the time of sentencing on the ground there was insufficient evidence to support a finding he had the ability to pay that fee. (*Id*. at pp. 591, 596-597.) *McCullough* concluded the defendant's ability to pay the booking fee

3

was a question of fact and not law. (*Id*. at p. 597.) The court held: "[B]ecause a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Ibid*.) *McCullough* disapproved *People v. Pacheco* (2010) 187 Cal.App.4th 1392 to the extent it concluded otherwise. (*McCullough*, *supra*, 56 Cal.4th at p. 599.) Accordingly, the court affirmed the judgment. (*Id*. at p. 600.)

Because Morrow did not challenge at sentencing the $800 fine or, specifically, the $560 penalty assessment portion, we conclude she forfeited or waived any challenge to it. (*McCullough*, *supra*, 56 Cal.4th at pp. 593, 597.) Although the instant issue involves a penalty assessment rather than a booking fee, fines and penalty assessments are sufficiently similar to booking fees to apply *McCullough*'s reasoning in this case, and we conclude a defendant must object at sentencing to a fine, or any penalty assessment portion. If the defendant fails to object, he or she forfeits or waives any objection to the fine or penalty assessment.

C

In any event, assuming arguendo Morrow did not forfeit or waive her challenge to the penalty assessment, we nevertheless would conclude she has not carried her burden on appeal to show the court erred by imposing a $560 penalty assessment rather than a $340 assessment. As the People assert, *People v. Castellanos* (2009) 175 Cal.App.4th 1524 sets forth the seven separate statutory components comprising a penalty assessment

4

that may be imposed in addition to a fine.  (*Id*. at pp. 1528-1530.)  At that time, those seven statutory assessment penalties resulted in a total of $26 in additional assessments for each $10 amount of fine.  (*Id*. at p. 1530.)  Because one statutory component (i.e., Gov. Code, § 76104.7, subd. (a)) was amended in 2010 to increase by $2 the assessments added to each $10 fine, the total amount of the seven additional statutory assessments at the time of Morrow's 2012 sentencing was, as the People assert, $28 per $10 of fines.  Because the court imposed a $200 base fine, it properly imposed a penalty assessment of $560 (i.e., $28 times 20).  Therefore, the court properly imposed a total fine of $800, including a $560 penalty assessment.

II

*Booking Fee*

Morrow contends the evidence is insufficient to support a finding she has the ability to pay the $154 booking fee imposed by the court.  She argues Government Code section 29550.1 implicitly requires a finding she had the ability to pay that fee.

We conclude Morrow forfeited or waived any challenge to the booking fee by not objecting to it at the time of sentencing.  As discussed above, *McCullough* held a defendant must object to a booking fee at the time of sentencing and, if he or she does not, then any challenge to it is forfeited or waived.  (*McCullough*, *supra*, 56 Cal.4th at pp. 593, 597, 599.)  Although *McCullough* involved a booking fee under Government Code section 29550.2 rather than Government Code section 29550.1, as involved in this case, we believe *McCullough*'s holding and reasoning apply equally to the booking fee

5

here.  Therefore, we conclude Morrow has forfeited or waived any challenge to the booking fee by not objecting to it at the time of sentencing.

### III

### *Domestic Violence Fee*

Morrow contends the evidence is insufficient to support a finding she has the ability to pay the $400 domestic violence fee imposed by the court pursuant to section 1203.097.  We conclude Morrow forfeited or waived any challenge to that fee by not objecting to it at the time of sentencing.  Although *McCullough* involved a booking fee under Government Code section 29550.2 rather than a domestic violence fee under section 1203.097, *McCullough*'s holding and reasoning apply equally to the domestic violence fee in this case.  Therefore, we conclude Morrow has forfeited or waived any challenge to the domestic violence fee by not objecting to it at the time of sentencing.

### IV

### *Probation Costs*

Morrow contends the evidence is insufficient to support a finding she has the ability to pay $1,127 in probation costs pursuant to section 1203.1b.  The People apparently concede there has not been any determination of Morrow's ability to pay probation costs and therefore suggest the matter should be remanded for that determination.

### A

Section 1203.1b provides in pertinent part:

"(a) In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, and in any case in which a defendant is granted probation or given a conditional sentence, the probation officer . . . , taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, [and] . . . of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203 . . . . The court shall order the defendant to appear before the probation officer . . . to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer . . . shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver.

"(b) When the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer . . . ."

B

The trial court's probation order did not order Morrow to pay probation costs of $1,127. Rather, it ordered her to cooperate with the probation officer in completing a financial evaluation as required pursuant to section 1203.1b. Furthermore, the order contemplated further proceedings before any judgment may be entered ordering her to

7

pay those costs.[2] Morrow mistakenly presumes the court at sentencing ordered her to pay $1,127 in probation costs. However, because the trial court in sentencing her did not order her to pay probation costs but merely ordered her to cooperate with the probation officer in completing a financial evaluation pursuant to section 1203.1b, we reject Morrow's assertion the evidence is insufficient to support the court's purported order that she pay $1,127 in probation costs. The court did not make that order and therefore did not err. In the event the probation officer or court makes a determination of her ability to pay in the future and orders her to pay probation costs, Morrow presumably may at that time challenge the finding and order.

V

*Attorney Fees*

Morrow contends there is insufficient evidence to support a finding she has the ability to pay her attorney fees. Although the written probation order includes a provision finding the value of the public defender's services in representing Morrow was $570, the trial court did not, as the People note, issue any order requiring her to pay those

---

2    The order stated: "You are ordered to cooperate with the probation officer or their [sic] authorized representative as directed, in the completion of the financial evaluation required under [section] 1203.1b. If it is determined that you have the present ability to repay the county for all or any part of the costs of the pre-sentence investigation and/or costs of probation supervision, the county will request that a judgment be issued against you for these amounts. If you do not agree with the determination, you have a right to a hearing before the court for a decision on your present ability. . . . These costs are presently set at $1,127 for the pre-sentence investigation and up to $99 per month for probation supervision. Payment of any costs so determined shall be to Revenue and Recovery. Payment is not a condition of probation but any judgment obtained may be enforced in the manner of any civil judgment."

8

attorney fees.  Because the court did not order Morrow to pay any attorney fees, we need not address her assertion the evidence is insufficient to support a finding she has the ability to pay those purported attorney fees.  Therefore, Morrow has not carried her burden on appeal to show the court erred.  We also reject Morrow's conclusory contention that because the evidence is insufficient to support findings she has the ability to pay the penalty assessment, booking fee, domestic violence fee, probation costs, and attorney fees, she was denied her constitutional rights to due process of law.

VI

*Custody Credits*

Morrow contends, and the People concede, the trial court's probation order must be modified to reflect the correct number of days of custody credits it awarded her at the time of sentencing.  At sentencing, the court awarded Morrow credit for 201 actual days in presentence custody, plus 100 days of section 4019 credits, for a total of 301 days of custody credits.  However, the written probation order issued by the court erroneously reflects only 180 actual days of credits, plus 90 days of section 4019 credits, for a total of 270 days of custody credits.  Accordingly, that order incorrectly sets forth the amount of Morrow's presentence custody credits.  We exercise our discretion to modify the order to reflect the correct number of days of presentence custody credits (i.e., 301 total custody credits).  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The judgment is modified to award Morrow presentence custody credits of 201 days of actual custody and 100 days of section 4019 credits, for a total of 301 days of presentence custody credits.  As so modified, we affirm the judgment.


McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

McINTYRE, J.