Filed 1/27/14  P. v. Nava CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B248183 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA380638) |
| v. | |
| ROGELIO NAVA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Vacated and remanded.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Margaret E. Maxwell, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Rogelio Nava appeals from the judgment entered following the trial court's finding that he violated the terms and conditions of probation. He contends the court erred by ordering him to pay restitution to a victim and failing to either impose or strike a sentence for an enhancement. The Attorney General agrees with defendant and also requests that we order the abstract of judgment amended to reflect the imposition of mandatory fines. We will vacate the restitution order and direct the superior court to correct the abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

By an information filed March 2, 2011, defendant was charged with selling, transporting, or offering to sell a controlled substance, to wit, cocaine base, a violation of Health and Safety Code section 11352. He also was alleged to have served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).[2] On May 18, 2011, defendant entered a no contest plea to the charge and admitted that he had served a prior prison term. The trial court suspended the imposition of sentence and placed defendant on three years of formal probation and assessed various fines and fees.

On August 11, 2012, defendant was arrested for felony vandalism. (Pen. Code, § 594, subd. (b)(1).) The district attorney's office filed a new case based on the vandalism arrest, and defendant's probation was summarily revoked.

On April 9, 2013, after a hearing, defendant was found in violation of probation. He was sentenced to five years for the violation of Health and Safety Code section 11352. No sentence was imposed for the prior prison term allegation. The felony vandalism case was dismissed on the prosecution's motion. The court signed an order requiring

---

[1]     Due to the nature of the appeal, we do not set forth the facts of the underlying cases involved.

[2]     All further undesignated statutory references are to the Penal Code.

defendant to pay $1,200 for damage done to the victim of the vandalism, Pollo Campero restaurant.[3]  This appeal followed.

## DISCUSSION

The parties agree that in this posture of the case defendant cannot be compelled to pay restitution for criminal conduct for which he was not convicted, and the matter must be remanded for the trial court to render a sentencing decision on the prior prison term allegation.  They are correct on both counts.

Generally, restitution awards pursuant to section 1202.4 are limited to losses resulting from criminal conduct for which a defendant is convicted.  (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1049.)  Although there is authority that allows a trial court discretion to order restitution not caused by a defendant's criminal conduct as a condition of probation (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121), a court lacks the power to do so when, as here, probation is revoked and sentence is imposed.  (*People v. Woods*, *supra*, 161 Cal.App.4th at p. 1050.)

With respect to the section 667.5, subdivision (b) prior prison term allegation, the trial court's failure to impose or strike the mandatory one-year term resulted in a legally unauthorized sentence that may be corrected on appeal.  (*People v. Garcia* (2008) 167 Cal.App.4th 1550, 1562.)  The matter must be remanded for the trial court to exercise its discretion to either impose the one-year term or strike it and provide reasons pursuant to section 1385.  (See *People v. Bradley* (1998) 64 Cal.App.4th 386, 391-392.)

The Attorney General also points out that when the trial court orally pronounced judgment, it did not impose the mandatory $30 court construction fee pursuant to Government Code section 70373.  We agree.  In addition, the minute order does not reflect that the court imposed the $50 laboratory analysis fee pursuant to Health and Safety Code section 11372.5.  We further observed that the trial court failed to add the

---

[3]  We granted defendant's motion to augment the record with a copy of the court's order.

required penalties pursuant to section 1464 and Government Code section 76000 to the laboratory analysis fine.  That oversight resulted in an unauthorized sentence.  (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1153.)  When an assessment and penalties "are mandatory, their omission may be corrected for the first time on appeal."  (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530.)

### DISPOSITION

The restitution order requiring defendant to pay $1,200 to the Pollo Campero restaurant is vacated.  The matter is remanded for the trial court to make a sentencing decision with respect to the section 667.5, subdivision (b) prior prison term allegation and to amend the abstract of judgment to reflect the sentence, if any, imposed with respect to that allegation, the imposition of a $30 fee pursuant to Government Code section 70373, the $50 laboratory analysis fee pursuant to Health and Safety Code section 11372.5, and the penalties pursuant to section 1464 and Government Code section 76000.  The clerk is directed to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, J.[*]

We concur:

EPSTEIN, P. J.                              WILLHITE, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4