Filed 2/18/14  P. v. Holland CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B248508 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  MA056668) |
| v. | |
| FREDERICK EUGENE HOLLAND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bernie C. LaForteza, Judge.  Affirmed as modified and remanded with directions.

California Appellate Project, Jonathan B. Steiner, Executive Director and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Frederick Eugene Holland challenges the imposition of a $10 fine (Pen. Code, § 1202.5) and a related $29 assessment in connection with his sentence. Because the sentencing minute order and abstract of judgment improperly reflect the imposition of the fine and assessment, we modify the judgment to eliminate them, affirm the judgment as modified, and direct the preparation of a corrected abstract of judgment.

## RELEVANT PROCEDURAL BACKGROUND

On July 19, 2012, a one-count information was filed, charging appellant with possession of cocaine base for sale (Health & Saf. Code, § 11351.5). Accompanying the charge were allegations that appellant had suffered three prior drug-related convictions (Health & Saf. Code, § 11370.2, subd. (a)) and had served three prior prison terms (Pen. Code, § 667.5, subd. (b)). Appellant pleaded not guilty.

On March 7, 2013, appellant entered into a plea agreement under which he was to be given a term of four years in state prison. In accordance with the agreement, the information was amended to include a charge of residential burglary (Pen. Code, § 459), to which appellant pleaded nolo contendere. As provided in the plea agreement, the trial court imposed the four-year middle term for residential burglary. In addition, at the sentencing hearing, the court ordered the imposition of a $400 restitution fund fine (Pen. Code, § 1202.4, subd. (b)), a $400 parole revocation fine with payment stayed (Pen. Code, § 1202.45), a $40 court operations assessment (Pen. Code, § 1465.8), and a $30 criminal conviction

2

assessment (Gov. Code, § 70373, subd. (a)(1)). The remaining charge and special allegations were dismissed. This appeal followed.[1]

### FACTS[2]

On June 27, 2012, two officers of the Los Angeles County Sheriff's Department were patrolling near the Shadown Park Inn, a location where rock cocaine is often sold. They saw appellant walking outside the motel's rooms. When appellant noticed the officers, he ran between two rooms, and threw a plastic baggy containing an off-white substance onto the motel's roof. The officers detained appellant and recovered the baggie, which was determined to contain rock cocaine. After the officers advised appellant of his *Miranda* rights, he told them that he was "selling and using" in order "to make extra cash."[3]

---

[1]    Appellant's plea of nolo contendere restricts the scope of the appeal before us, as appellant sought no certificate of probable cause. His appeal is thus limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) Generally, under this principle, """[w]hen a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.""" (*Id.* at p. 383, quoting *People v. Panizzon* (1996) 13 Cal.4th 68, 80.)

[2]    Because the record lacks a transcript of the preliminary hearing, the facts are based on the probation report and appellant's motion for discovery under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[3]    *Miranda v. Arizona* (1966) 384 U.S. 436.

## DISCUSSION

Appellant contends the minute order from the sentencing hearing and the abstract of judgment improperly reflect the imposition of a $10 fine under Penal Code section 1202.5 and a related $29 penalty assessment.[4] We agree.

Generally, in sentencing a defendant, the trial court is obliged to impose fees and fines in express terms. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) Here, the court orally imposed several fines and assessments, but mentioned no fine or assessment related to section 1202.5.[5] As that provision permits the court to determine whether the defendant has the ability to pay a fine, the imposition of a fine and any related assessment is not mandatory. (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1533 [upon a determination that defendant lacks the ability to pay, court may decline to impose section 1202.5 fine and related assessments].) Because the court ordered no fine or assessment, we presume that it found appellant lacked the ability to pay. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) Accordingly, the inclusion of the $10 fine and the related $29 assessment in the sentencing minute order and abstract of judgment was error. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."].) Respondent does not dispute this conclusion.

---

[4] All further statutory citations are to the Penal Code.

[5] Subdivision (a) of section 1202.5 provides for the imposition of a $10 fine when a defendant is convicted of specified crimes, including residential burglary, provided that the defendant has the ability to pay the fine. Generally, when the trial court orders the imposition of a fine under section 1202.5, it is also obliged to impose additional assessments under other statutes. (*People v. Castellanos, supra,* 175 Cal.App.4th at pp. 1528-1533.)

4

# DISPOSITION

The trial court is directed to correct the sentencing minute order to eliminate the references to a $10 fine (§ 1202.5) and the related $29 assessment, to prepare an amended abstract of judgment reflecting that modification, and to forward the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.

We concur:


EPSTEIN, P. J.


EDMON, J.*

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.