[No. C045469. Third Dist. May 10, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCO LENEL TAYLOR, Defendant and Appellant.

## Counsel

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## Opinion

**SIMS, Acting P. J.**—In this case, we discuss some new monetary penalties and surcharges that must be imposed by trial courts in many criminal cases.

Following the denial of his motion to traverse a search warrant and suppress evidence (Pen. Code, §§ 1538.5, 1539), defendant Marco Lenel Taylor pled guilty to possessing cocaine base for sale (Health & Saf. Code, § 11351.5) and admitted being armed with a nine-millimeter handgun (Pen. Code, § 12022, subd. (c)) and having suffered a prior conviction for possessing cocaine base for sale (Health & Saf. Code, § 11370.2, subd. (a)) in return

for a stipulated 13-year prison sentence. In return, the trial court dismissed charges of possessing cocaine hydrochloride for sale (Health & Saf. Code, § 11351), manufacturing cocaine base (Health & Saf. Code, § 11379.6, subd. (a)), conspiring to manufacture and distribute cocaine base (Pen. Code, § 182, subd. (a)(1)), illegally possessing a firearm as a felon (Pen. Code, § 12021, subd. (a)(1)) and two prior narcotic convictions. The court imposed a restitution fine of $1,000 and a suspended parole revocation restitution fine. Defendant appealed from the denial of his suppression motion.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

■ We note an error requiring correction. The trial court failed to impose the $50 drug laboratory analysis fee (Health & Saf. Code, § 11372.5) plus applicable penalty assessments of $50 (Pen. Code, § 1464) and $35 (Gov. Code, § 76000, subd. (a)). It is settled that this fee and the assessments are mandatory. In the interest of judicial economy and because the trial court's errors and the appellate remedies are clear, we modify the judgment without requesting supplemental briefing. (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1153–1157 [119 Cal.Rptr.2d 922, 46 P.3d 388]; *People v. Smith* (2001) 24 Cal.4th 849, 851–854 [102 Cal.Rptr.2d 731, 14 P.3d 942]; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413–1416 [118 Cal.Rptr.2d 99].)

In addition, because this crime was committed on May 23, 2003, two other surcharges are applicable to the drug laboratory analysis fee.

Penal Code section 1465.7 provides:

"(a) A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464.

"(b) This surcharge shall be in addition to the state penalty assessed pursuant to Section 1464 of the Penal Code and may not be included in the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464.

"(c) After a determination by the court of the amount due, the clerk of the court shall cause the amount of the state surcharge collected to be transmitted to the General Fund.

"(d) Notwithstanding Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code and subdivision (b) of Section 68090.8 of the Government Code, the full amount of the surcharge shall be transmitted to the State Treasury to be deposited in the General Fund. Of the amount collected from the total amount of the fines, penalties, and surcharges imposed, the amount of the surcharge established by this section shall be transmitted to the State Treasury to be deposited in the General Fund.

"(e) When any deposited bail is made for an offense to which this section applies, and for which a court appearance is not mandatory, the person making the deposit shall also deposit a sufficient amount to include the surcharge prescribed by this section.

"(f) When amounts owed by an offender as a result of a conviction are paid in installment payments, payments shall be credited pursuant to Section 1203.1d. The amount of the surcharge established by this section shall be transmitted to the State Treasury prior to the county retaining or disbursing the remaining amount of the fines, penalties, and forfeitures imposed.

"(g) Notwithstanding Sections 40512.6 and 42007 of the Vehicle Code, the term 'total bail' as used in subdivision (a) of Section 42007 of the Vehicle Code does not include the surcharge set forth in this section. The surcharge set forth in this section shall be levied on what would have been the base fine had the provisions of Section 42007 not been invoked and the proceeds from the imposition of the surcharge shall be treated as otherwise set forth in this section.

"(h) This section shall become inoperative on July 1, 2007, and as of January 1, 2008, is repealed, unless a later enacted statute, that becomes operative on or before January 1, 2008, deletes or extends that date." (Added by Stats. 2002, ch. 1124, § 46, effective September 30, 2002.)

■ Therefore, the drug laboratory analysis fee is also subject to a 20 percent state surcharge of $10. (Pen. Code, § 1465.7.) We recognize that this surcharge has not yet been the subject of judicial review. Nevertheless, because the issue seems straightforward, we shall order the imposition of this surcharge. Any aggrieved party may petition for rehearing. (Gov. Code, § 68081.)

Next, in 2002, the Legislature established the State Court Facilities Construction Fund. (Gov. Code, § 70371.) Effective January 1, 2003, Government Code section 70372 provides:

"(a) Except as otherwise provided in this article, there shall be levied a state court construction penalty, in addition to any other state or local penalty including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000 of the Government Code, *in an amount equal to five dollars ($5) for every ten dollars ($10) or fraction thereof, upon every fine, penalty, or forfeiture imposed and collected by the courts for criminal offenses*, including, but not limited to, all offenses, except parking offenses, as defined in subdivision (i) of Section 1463 of the Penal Code, involving a violation of a section of the Fish and Game Code, the Health and Safety Code, or the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. Any bail schedule adopted pursuant to Section 1269b of the Penal Code may include the necessary amount to pay the state penalties established by this section, by Section 1464 of the Penal Code, and Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code for all matters where a personal appearance is not mandatory and the bail is posted primarily to guarantee payment of the fine. After a determination by the court of the amount due, the clerk of the court shall collect the penalty and transmit it immediately to the county treasury and the county treasurer shall transmit these sums as provided in subdivision (f).

"(b) In addition to the penalty provided by subdivision (a), for every parking offense where a parking penalty, fine, or forfeiture is imposed, an added state court construction penalty of one dollar and fifty cents ($1.50) shall be included in the total penalty, fine, or forfeiture. These moneys shall be taken from fines and forfeitures deposited with the county treasurer prior to any division pursuant to Section 1462.3 or 1463.009 of the Penal Code. In those cities, districts, or other issuing agencies which elect to accept parking penalties, and otherwise process parking violations pursuant to Article 3 (commencing with Section 40200) of Chapter 1 of Division 17 of the Vehicle Code, that city, district, or issuing agency shall observe the increased bail amounts as established by the court reflecting the added penalty provided for by this section. Each agency which elects to process parking violations shall pay to the county treasurer one dollar and fifty cents ($1.50) for the parking penalty imposed by this section for each violation which is not filed in court. Those payments to the county treasurer shall be made monthly, and the county treasurer shall transmit these sums as provided in subdivision (f).

"(c) Where multiple offenses are involved, the state court construction penalty shall be based upon the total fine or bail for each case. When a fine is suspended, in whole or in part, the state court construction penalty shall be reduced in proportion to the suspension.

"(d) When any deposited bail is made for an offense to which this section applies, and for which a court appearance is not mandatory, the person making the deposit shall also deposit a sufficient amount to include the state court construction penalty prescribed by this section for forfeited bail. If bail

is returned, the state court construction penalty paid thereon pursuant to this section shall also be returned.

"(e) In any case where a person convicted of any offense, to which this section applies, is in prison until the fine is satisfied, the judge may waive all or any part of the state court construction penalty, the payment of which would work a hardship on the person convicted or his or her immediate family.

"(f) Within 45 days after the end of the month that moneys are deposited in the county treasury pursuant to subdivision (a) or (b), the county treasurer shall transmit the moneys to the State Controller, to be deposited in the State Court Facilities Construction Fund." (Italics added.) (Added by Stats. 2002, ch. 1082, § 4.)

Although this statute appears to provide for a 50 percent surcharge on fines, the situation is not so simple. This surcharge may be reduced by several factors.

Government Code section 70375 provides, in relevant part:

"(a) This article . . . shall become operative on January 1, 2003, except as otherwise provided in this article.

"(b) In each county, the amount authorized by Section 70372 shall be reduced by the following:

"(1) The amount collected for deposit into the local courthouse construction fund established pursuant to Section 76100.[1]

---

[1] Government Code section 76100 provides:

"(a) Except as provided in Article 3 (commencing with Section 76200), for the purpose of assisting any county in the acquisition, rehabilitation, construction, and financing of courtrooms or of a courtroom building or buildings containing facilities necessary or incidental to the operation of the justice system, the board of supervisors may establish in the county treasury a Courthouse Construction Fund into which shall be deposited the amounts specified in the resolutions adopted by the board of supervisors in accordance with this chapter. The moneys of the Courthouse Construction Fund shall be payable only for the purposes set forth in subdivision (b) and at the time necessary therefore, subject to the requirements set forth in Chapter 5.7 (commencing with Section 70301).

"(b) In conjunction with the acquisition, rehabilitation, construction, or financing of court buildings referred to in subdivision (a), the county may use the moneys of the Courthouse Construction Fund for either of the following:

"(1) To rehabilitate existing courtrooms or an existing courtroom building or buildings for other uses if a new courtroom or a courtroom building or buildings are acquired, constructed, or financed.

"(2) To acquire, rehabilitate, construct, or finance excess courtrooms or an excess courtroom building or buildings, if that excess is anticipated to be needed at a later time.

"(2) The amount collected for transmission to the state for inclusion in the Transitional State Court Facilities Construction Fund established pursuant to Section 70401[2] to the extent it is funded by money from the local courthouse construction fund."

We are unable to determine whether Sacramento County has established a local courthouse construction fund under Government Code section 76100 or whether Sacramento County is participating in the Transitional State Court Facilities Construction Fund under Government Code section 70401. Therefore, we are unable to determine whether this surcharge should be reduced in accordance with Government Code section 70375. We shall remand the case to the trial court to make these factual findings. As noted, any party aggrieved by this procedure may petition for rehearing. (Gov. Code, § 68081.)

Any trial court aggrieved by the complexity of these procedures may petition the Legislature for relief.

## DISPOSITION

The judgment is modified to reflect imposition of a drug laboratory analysis fee of $50 (Health & Saf. Code § 11372.5), a state penalty assessment of $50 (Pen. Code, § 1464), a county penalty assessment of $35 (Gov. Code, § 76000), and a 20 percent state surcharge of $10 (Pen. Code, § 1465.7). The case is remanded to the trial court to determine the amount of the court facilities surcharge under Government Code sections 70372, 70375, 70401, and 76100.

The trial court shall prepare a new abstract of judgment including the above amounts, and including its finding of the applicable amount of the

---

"(c) Any excess courtroom or excess courtroom building or buildings that are acquired, rehabilitated, constructed, or financed pursuant to subdivision (b) may be leased or rented for uses other than the operation of the justice system until the excess courtrooms or excess courtroom building or buildings are needed for the operation of the justice system. Any amount received as lease or rental payments pursuant to this subdivision shall be deposited in the Courthouse Construction Fund.

"(d) The fund moneys shall be held by the county treasurer separate from any funds subject to transfer or division pursuant to Section 1463 of the Penal Code."

[2] Government Code section 70401 provides:

"Transitional State Court Facilities Construction Fund

"There is hereby established in the State Treasury the Transitional State Court Facilities Construction Fund. For each facility transferred to the state that is subject to bonded indebtedness and for which a revenue source is also transferred to the state, pursuant to subdivision (b) of Section 70325, a separate account shall be established in the fund to receive and disburse moneys for that facility. The county shall continue to collect and transmit to the Controller for deposit in the fund the moneys transferred to service the debt on the facility. The fund shall cease to exist when all debt transferred to the state pursuant to Section 70325 has been paid."

court facilities surcharge, and forward a certified copy to the Department of Corrections. In all other aspects, the judgment is affirmed.

Nicholson, J., and Hull, J., concurred.