* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the indicated paragraph on page 8. post.
 [EDITORS' NOTE: TEXT NOT CERTIFIED FOR PUBLICATION APPEARS WITH GRAY BACKGROUND BELOW.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1403 
OPINION
Defendant, Luis Castellanos, appeals after he was convicted of felony petty theft with a prior conviction in violation of Penal Code[1]
sections 484, subdivision (a), and 666. In the published portion of this opinion, we discuss whether the section 1202.5, subdivision (a) fine which, subject to the accused's ability to pay, must be imposed principally in theft-related cases, is subject to additional penalty assessments, the state surcharge, the state court construction penalty, and two deoxyribonucleic acid penalties. We conclude the aforementioned additional financial obligations must be imposed in addition to the section 1202.5, subdivision (a) fine. Thus, upon remittitur issuance, the trial court is to determine whether defendant, an incarcerated career criminal who was an unemployed student when he was arrested in this case, has the ability to pay the section 1202.5, subdivision (a) fine in light of all of his financial obligations.
Defendant was sentenced to seven years in state prison: three years for petty theft with a prior conviction; three additional years pursuant to sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1); and one year pursuant to section 667.5, subdivision (b). Defendant received credit for 173 days in actual presentence custody and 86 days of conduct credit for a total presentence custody credit of 259 days. He was ordered to pay a $20 court security fee (§ 1465.8, subd. (a)(1)); a $10 crime prevention programs fine (§ 1202.5, subd. (a)); a $500 restitution fine (§ 1202.4, subd. (b)(1)); and a $500 parole revocation restitution fine (§ 1202.45).
We asked the parties to address the issue of whether the section 1202.5, subdivision (a) fine is subject to any additional assessments, a surcharge, or further penalties. Section 1202.5, subdivision (a) states in part: "In any case in which a defendant is convicted of any of the offenses enumerated in Section . . . 484 . . ., the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. If the court *Page 1404 
determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution." Enacted in 1985, the stated purpose of section 1202.5, subdivision (a) was to provide additional funding for peace officer training. (Legis. Counsel's Dig., Sen. Bill No. 347 (1985-1986 Reg. Sess.) 4 Stats. 1985, Summary Dig., p. 483.)
As section 1202.5, subdivision (a) expressly states, the $10 obligation is a fine. (People v. Hong (1998) 64 Cal.App.4th 1071, 1080 [76 Cal.Rptr.2d 23]; People v. Zackery (2007) 147 Cal.App.4th 380, 387
[54 Cal.Rptr.3d 198].) Because it is a fine, the $10 obligation is subject to additional assessments, a surcharge, and penalties. First, the $10 section 1202.5, subdivision (a) fine is subject to a $10 penalty assessment pursuant to section 1464, subdivision (a)(1) which states in part, "Subject to Chapter 12 (commencing with Section 76000) of Title 8 of the Government Code, and except as otherwise provided in this section, there shall be levied a state penalty in the amount of ten dollars ($10) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses. . . ." (See People v. Walz (2008)160 Cal.App.4th 1364, 1371-1372 [73 Cal.Rptr.3d 494] [trial court obliged to impose § 1464, subd. (a)(1) assessment on § 290.3, subd. (a) sex offender fine]; People v. Martinez (1998) 65 Cal.App.4th 1511, 1521
[77 Cal.Rptr.2d 492] [§ 1464, subd. (a) penalty assessment must be imposed on Health Saf. Code, § 11372.5, subd. (a) laboratory fine].) (2) Second, the section 1202.5, subdivision (a) fine is subject to the $7 penalty assessment set forth in Government Code section 76000, subdivision (a)(1) which states in part, "Except as otherwise provided elsewhere in this section, in each county there shall be levied an additional penalty in the amount of seven dollars ($7) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses. . . ." (See People v.Taylor (2004) 118 Cal.App.4th 454, 456 [12 Cal.Rptr.3d 923]; Peoplev. Turner (2002) 96 Cal.App.4th 1409, 1413-1414 [118 Cal.Rptr.2d 99].)
Third, a $2 state surcharge should have been added to the section 1202.5, subdivision (a) fine as required by section 1465.7, subdivision (a) which states, "A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464." (See People v. Valenzuela (2009)172 Cal.App.4th 1246, 1249 [92 Cal.Rptr.3d 13]; People v. Taylor,supra, 118 Cal.App.4th at pp. 456-457.) Fourth, the $3 state court construction penalty should have *Page 1405 
been imposed on the $10 section 1202.5, subdivision (a) fine as required by Government Code section 70372, subdivision (a)(1) which states in part, "Except as otherwise provided in subdivision (b) of Section 70375 and in this article, there shall be levied a state court construction penalty, in the amount of five dollars ($5) for every ten dollars ($10), or part of ten dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses. . . ." (See People v. Valenzuela, supra, 172 Cal.App.4th at p. 1249; Peoplev. McCoy (2007) 156 Cal.App.4th 1246, 1254 [68 Cal.Rptr.3d 134].) It bears emphasis that the amount of the state court construction penalty will vary depending on the county where it is imposed. (McCoy, at pp. 1249, 1257.)
Fifth, a $1 deoxyribonucleic acid penalty should have also been imposed pursuant to Government Code section 76104.6, subdivision (a)(1) which states in part, "[F]or the purpose of implementing the DNA Fingerprint, Unsolved Crime and Innocence Protection Act, there shall be levied an additional penalty of one dollar for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses. . . ." Sixth, a $1 deoxyribonucleic acid state-only penalty should have been added to the section 1202.5, subdivision (a) fine as required by Government Code section 76104.7, subdivision (a) which states in part, "[I]n addition to the penalty levied pursuant to Section 76104.6, there shall be levied an additional state-only penalty of one dollar ($1) for every ten dollars ($10), or part of ten dollars ($10), in each county upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses. . . ."
Because the six additional assessments, surcharge, and penalties are mandatory, their omission may be corrected for the first time on appeal. (People v. Smith (2001) 24 Cal.4th 849, 853 [102 Cal.Rptr.2d 731,14 P.3d 942]; People v. Shabtay (2006) 138 Cal.App.4th 1184, 1192 [42 Cal.Rptr.3d 227].) To sum up, when a full $10 section 1202.5, subdivision (a) fine is imposed, trial courts in Los Angeles County must also impose six additional sums: the $10 section 1464, subdivision (a)(1) penalty assessment; the $7 Government Code section 76000, subdivision (a)(1) penalty assessment; the $2 section 1465.7, subdivision (a) state surcharge; the $3 Government Code section 70372, subdivision (a)(1) state court construction penalty; the Government Code section 76104.6, subdivision (a)(1) $1 deoxyribonucleic acid penalty; and the Government Code section 76104.7, subdivision (a) $1 deoxyribonucleic acid state-only penalty. Thus, the total due is $34 if the trial court, as it did here, imposes the full section 1202.5, subdivision (a) $10 fine in Los Angeles County.
The total due may vary depending on whether the trial court selects $10 as the amount of the section 1202.5, subdivision (a) fine and the county *Page 1406 
where sentencing is occurring. As noted, section 1202.5, subdivision (a) allows the trial court to impose an amount less than $10 dependent on the accused's ability to pay. And as previously discussed, the amount payable as the Government Code section 70372, subdivision (a)(1) state court construction penalty varies between counties. (People v. McCoy, supra,156 Cal.App.4th at pp. 1249, 1257; Gov. Code, § 76000, subd. (e).)
The questions remain as to the ability to pay issue. We conclude that upon remittitur issuance, the trial court must decide whether to impose the full $10 section 1202.5, subdivision (a) fine; a lesser amount; or none at all. Any sum less than $10 must include the additional assessments, surcharge, and penalties we have discussed albeit they would be in lesser amounts. As noted, in setting the amount of the section 1202.5, subdivision (a) fine, the trial court takes into account the accused's ability to pay. In this case, implicit in the imposition of the $10 section 1202.5, subdivision (a) fine is the trial court's finding defendant had the ability to pay. (People v. Ramirez (1995)39 Cal.App.4th 1369, 1377 [46 Cal.Rptr.2d 530]; People v. Hennessey
(1995) 37 Cal.App.4th 1830, 1837 [44 Cal.Rptr.2d 792].) But the trial court had no occasion to determine defendant's ability to pay $34 — which is the amount due. According to the probation report, defendant was an unemployed student with no income or assets. At the time of his arrest in this case, defendant was a parolee who was on probation for prostitution who in the past 16 years committed theft-related and sex offenses and served two separate prior prison terms. In addition to the $10 section 1202.5, subdivision (a) fine, the trial court imposed a section 1202.4, subdivision (b)(1) $500 restitution fine; a $500 section 1202.45 parole restitution fine; and a section 1465.8, subdivision (a)(1) $20 court security fee.
In setting the amount of the section 1202.5, subdivision (a) fine, the trial court must take into account the accused's ability to pay; "the amount of any other fine"; and the amount of any restitution ordered paid to victims. Here, defendant was subject to other fines which the trial court implicitly considered. Defendant was subject to a parole restitution fine. The $200 to $10,000 assessment in section 1202.4, subdivision (b) is explicitly referred to as a restitution fine.[2] In addition, section 1202.4, subdivisions (a)(3)(A), (b)(2), and (c) through (e) utilize the term "fine" when referring to the amounts payable pursuant to section 1202.4, subdivision (b)(1). Also, the trial *Page 1407 
court imposed and stayed a parole restitution fine as required by section 1202.45. It is presumed the trial court took these fines into account.
Additionally, the trial court is now obligated to impose a section 1464, subdivision (a)(1) penalty assessment on the $10 section 1202.5, subdivision (a) fine. The section 1464, subdivision (a)(1) penalty assessment is in fact a fine.
Section 1202.4, subdivision (a)(2) states, "Upon a person being convicted of any crime in the State of California, the court shall order the defendant to pay a fine in the form of a penalty assessment in accordance with Section 1464." (Italics added.) This fine must be considered when calculating defendant's ability to pay.
Moreover, apart from the new $10 penalty assessment which must be added pursuant to section 1202.4, subdivision (a)(2), the trial court when assessing defendant's "ability to pay" must evaluate the additional sums we have determined should have been imposed. No doubt, as indicated, when discussing the necessity of an ability to pay evaluation, section 1202.5, subdivision (a) states, "In making a determination of whether a defendant has the ability to pay, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution." Although the Legislature has chosen to direct trial courts to take into account other fines and restitution, the controlling question is the ability to pay
which includes, in material part, an evaluation of the totality of an accused's financial responsibilities. That would logically include the new obligations imposed on defendant which are not statutorily denoted as fines: the $7 Government Code section 76000, subdivision (a)(1) penalty assessment; the $2 section 1465.7, subdivision (a) state surcharge; the $3 Government Code section 70372, subdivision (a) state court construction penalty; the Government Code section 76104.6, subdivision (a)(1) $1 deoxyribonucleic acid penalty; and the Government Code section76104.7, subdivision (a) $1 deoxyribonucleic acid state-only penalty. The Legislature did not prevent other matters from being taken into account in evaluating the ability to pay issue — it merely required fines and restitution be considered. Thus, after the remittitur issues, the trial court must, in assessing defendant's ability to pay, consider those matters previously taken into account plus his additional obligations resulting from our opinion and determine whether to impose the full section 1202.5, subdivision (a) $10 fine plus the six additional assessments, surcharge, and penalties we have explained must be imposed; a lesser amount plus the obligations we have discussed; or none at all.
The foregoing analysis changes though when a crime is committed on or after January 1, 2009. Effective January 1, 2009, Government Code section70373, subdivision (a)(1) requires imposition of an additional $30 criminal conviction assessment. New Government Code section 70373, *Page 1408 
subdivision (a)(1) states in part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463 of the Penal Code, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction." Given the application of the new criminal conviction assessment under Government Code section 70373, subdivision (a)(1) for crimes committed on or after January 1, 2009, the amounts specified in this opinion which will be added to the section 1202.5, subdivision (a) fine will necessarily change as will the ability to pay calculation.*
 [The following paragraph is deleted from publication]
We asked the parties to brief the question whether defendant received one day too many presentence custody credits. He was arrested on March 16, 2008 and sentenced on September 3, 2008 Therefore, he was entitled to 172 days of actual presentence custody credit, not 173 days (People v.Gulp (2002) 100 Cal.App.4th 1278, 1283; People v. Smith (1989)211 Cal.App.3d 523, 527), plus 86 days of conduct credit, for a total presentence custody credit of 258 days. The trial court is to actively and personally insure the clerk accurately prepares a correct amended abstract of judgment which reflects the modifications to the judgment we have ordered. (People v. Acosta (2002) 29 Cal.4th 105, 109, fn. 2; People v.Chan ((2005) 128 Cal.App.4th 408, 425-426.)
 [The balance of the opinion is to be published]
The $10 section 1202.5, subdivision (a) fine is reversed. Upon remittitur issuance, the trial court is to determine whether defendant has the ability to pay the section 1202.5, subdivision (a) fine as discussed in the body of this opinion. The judgment is modified to reflect 172 days of actual presentence custody credit rather than 173 days. Upon remittitur issuance, after reconsidering the ability to pay issue, the superior court clerk shall amend the abstract of judgment to conform to this decision, and shall forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.
Armstrong, J., concurred.
* See footnote, ante, page 1401.
[1] All future statutory references are to the Penal Code unless otherwise indicated.
[2] Section 1202.4, subdivision (b) states: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony, and shall not be less than one hundred dollars ($100), and not more than one thousand dollars ($1,000), if the person is convicted of a misdemeanor."