Filed 9/11/13  P. v. Saechao CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHIA L. SAECHAO,<br><br>    Defendant and Appellant. | C073516<br><br>(Super. Ct. No. 12F04670) |

Appointed counsel for defendant Chia L. Saechao asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to include a mandatory fee and applicable penalty assessments and surcharges. Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

I

Because this matter was resolved by plea, the facts are taken from the stated factual basis.

Defendant possessed .29 grams of methamphetamine, a useable amount. In exchange for a stipulated sentence of 32 months in prison, he pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike conviction.

Defendant asked the trial court to dismiss his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. After considering the request and the factors set forth in *People v. Williams* (1998) 17 Cal.4th 148, the trial court denied the request. The trial court sentenced defendant to the negotiated term of 32 months in prison (16 months doubled based on the prior strike conviction), awarded him 520 days of presentence credit, and imposed $240 restitution fund fines (Pen. Code, §§ 1202.4 & 1202.45), a $40 court security fee and a $30 court facility fee. All other non-mandatory fees and fines were waived.

The abstract of judgment and minute order, however, reflect the imposition of an additional mandatory $50 criminal laboratory analysis fee under Health and Safety Code section 11372.5, subdivision (a).

Defendant did not obtain a certificate of probable cause. (Pen. Code, § 1237.5.)

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we have identified an error in the pronouncement of judgment. The minute order and abstract of judgment reflect the

2

imposition of a mandatory criminal laboratory fee (Health & Saf. Code, § 11372.5, subd. (a)), but that fee was not included in the oral pronouncement of judgment.

The abstract of judgment must reflect the oral pronouncement of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185–186.)  But where the fee is mandatory, as it is here, the omission in the oral pronouncement may be corrected at any time because the failure to impose a mandatory fine or fee constitutes an unlawful sentence.  (See *People v. Smith* (2001) 24 Cal.4th 849, 853.)  We will modify the judgment to include the mandatory fee.

Our review also discloses that the judgment must be modified to include applicable penalty assessments and surcharges.  We will modify the judgment to include the applicable penalty assessments under Penal Code section 1464 and Government Code section 76000, a court facilities surcharge under Government Code section 70372, and the state surcharge under Penal Code section 1465.7.  (*People v. Taylor* (2004) 118 Cal.App.4th 454, 456.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to provide for a $50 criminal laboratory fee (Health & Saf. Code, § 11372.5, subd. (a)), a state penalty assessment of $50 (Pen. Code, § 1464), a county penalty assessment of $35 (Gov. Code, § 76000), a $25 court facilities surcharge (Gov. Code, § 70372), and a 20 percent state surcharge of $10 (Pen. Code, § 1465.7). The minute order and abstract of judgment already reflect the imposition of the fee, but the trial court is directed to amend the minute order and abstract of judgment to reflect imposition of the penalty assessments and surcharges, and to forward a certified copy of

the amended abstract of judgment to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.


                                        _____MAURO_____, J.


We concur:


_____HULL_____, Acting P. J.


_____MURRAY_____, J.

4