Filed 10/28/14  P. v. Romero CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS D. ROMERO,<br><br>    Defendant and Appellant. | B253010<br><br>(Los Angeles County<br>Super. Ct. No. GA084173) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Janice Claire Croft, Judge.  Reversed in part, modified in part, affirmed in part and remanded.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant, Carlos D. Romero, of forcible rape (Pen. Code,[1] § 261, subd. (a)(2)) (count 2) and unlawful sexual intercourse with a person under 18 (§ 261.5, subd. (c)) (count 3), both felonies. Defendant received a nine-year sentence. We reverse the section 654, subdivision (a) stay on count three with directions, upon remittitur issuance, to first impose a sentence and then stay it. We modify the judgment with respect to court facilities and operations assessments. We affirm the judgment in all other respects.

# II. DISCUSSION

## A. Sufficiency Of The Evidence Of Force

Defendant argues there was insufficient evidence of force. We apply the following standard of review: "In considering defendant's claim of insufficiency of the evidence of force necessary to affirm his conviction of forcible rape, we must determine only whether, on the record as a whole, any rational trier of fact could find him guilty beyond a reasonable doubt. [Citation.] We view the evidence in the light most favorable to the prosecution, and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.]" (*People v. Griffin* (2004) 33 Cal.4th 1015, 1028; accord, *People v. Hale* (2012) 204 Cal.App.4th 961, 976 [forcible sodomy]; *In re Jose P.* (2005) 131 Cal.App.4th 110, 115 [forcible rape].) We find substantial evidence supported defendant's conviction.

Section 261 provides, "(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: [¶] . . . [¶] (2) Where it is accomplished against a person's will by means of force,

---

[1] Further references are to the Penal Code except where otherwise noted.

2

violence, duress, menace or fear of immediate and unlawful bodily injury on the person or another." The language is in the disjunctive; therefore, a conviction may be upheld if there is substantial evidence the act was accomplished by force, violence, duress, menace, or fear of bodily harm. (*People v. Young* (1987) 190 Cal.App.3d 248, 259; cf. *People v. Hale, supra,* 204 Cal.App.4th at p. 976 [former § 286, subd. (c)(2), forcible sodomy].) Section 261 specifically defines both "duress" and "menace." "Duress" is defined in subdivision (b) of section 261: "As used in this section, 'duress' means a direct or implied threat of force, violence, danger, or retribution sufficient to coerce a reasonable person of ordinary sensibilities to perform an act which otherwise would not have been performed, or acquiesce in an act to which one otherwise would not have submitted. The total circumstances, including the age of the victim, and his or her relationship to the defendant, are factors to consider in appraising the existence of duress." "Menace" is defined in subdivision (c) of section 261: "As used in this section, 'menace' means any threat, declaration, or act which shows an intention to inflict injury upon another." But section 261 does not contain a definition of "force."

In *People v. Griffin, supra,* 33 Cal.4th at page 1023, our Supreme Court considered the use of the word "force" in section 261, subdivision (a)(2). Our Supreme Court held the Legislature did not intend the word "force" as used in section 261, subdivision (a)(2) to have a specialized legal meaning. (*People v. Griffin, supra,* 33 Cal.4th at p. 1023; 5 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Trial, § 706, p. 1086.) Instead, the Legislature intended that "force" would have a common usage meaning. (*People v. Griffin, supra,* 33 Cal.4th at p. 1024; accord, *People v. Mejia* (2007) 155 Cal.App.4th 86, 99.) The meaning of "force" is presumed to be within the jurors' understanding. (*People v. Griffin, supra,* 33 Cal.4th at pp. 1025-1026; cf. *People v. Bolander* (1994) 23 Cal.App.4th 155, 163-164 [§ 288, subd. (b)].)

Moreover, the necessary force need not be substantially different or greater than the physical force inherent in a consensual act of sexual intercourse. (*People v. Griffin, supra,* 33 Cal.4th at pp. 1023-1024; *People v. Mejia, supra,* 155 Cal.App.4th at p. 99; *In re Jose P., supra,* 131 Cal.App.4th at p. 115.) The kind or degree of force used is

3

immaterial. (*People v. Griffin, supra,* 33 Cal.4th at pp. 1024-1025; *People v. Mejia, supra,* 155 Cal.App.4th at p. 100.) As our Supreme Court held in *Griffin,* in order to prove force within the meaning of section 261, subdivision (a)(2): "'[T]he prosecution need only show the defendant used physical force of a degree sufficient to support a finding that the act of sexual intercourse was against the will of the [victim].' (*People v. Young*[, *supra,*] 190 Cal.App.3d [at pp.] 257-258.)" (*People v. Griffin, supra,* 33 Cal.4th at pp. 1023-1024; accord, *People v. Mejia, supra,* 155 Cal.App.4th at pp. 99-100.)

In *Griffin, supra,* 33 Cal.4th at pages 1027-1028, our Supreme Court concluded: "The gravamen of the crime of forcible rape is a sexual penetration *accomplished against the victim's will* by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury. . . . [I]n a forcible rape prosecution the jury determines whether the use of force served to overcome the will of the victim to thwart or resist the attack, *not* whether the use of such force physically facilitated sexual penetration or prevented the victim from physically resisting her attacker. . . . [¶] *The question for the jury in this case was simply whether the defendant used force to accomplish intercourse with [the victim] against her will, not whether the force he used overcame [the victim's] physical strength or ability to resist him. . . .* '[T]he reviewing court . . . looks to the circumstances of the case, including the presence of verbal or nonverbal threats, or the kind of force that might reasonably induce fear in the mind of the victim, to ascertain sufficiency of the evidence of a conviction [of forcible rape].' [Citation.]" (Italics added; accord, *People v. Lee* (2011) 51 Cal.4th 620, 641, fn. 15; *People v. Mejia, supra*, 155 Cal.App.4th at pp. 99-100; *In re Jose P., supra*, 131 Cal.App.4th at pp. 115-116; cf. *People v. Hale, supra,* 204 Cal.App.4th at p. 979 [§ 286, subd. (c)(2)]; *In re Asencio* (2008) 166 Cal.App.4th 1195, 1200-1206 [§ 289, subd. (a)(1)].)

The evidence as a whole, viewed in the light most favorable to the verdict, was sufficient to support defendant's forcible rape conviction. Defendant was a big, strong and muscular man. The victim was his 17-year-old niece. Theirs had been a close relationship over a 10-year period. The victim looked up to her uncle. She loved and fully trusted him. She considered him a mentor. On the night in question, defendant

hugged the victim and did not let her go when she tried to move away. He stroked her breast and then her hip bone. He pulled up her T-shirt and licked her nipple. He licked the back of her neck. The victim was "really scared." She testified, "[M]y heart [was] beating really fast . . . ." She was shocked and she froze. She wanted to "do something," but her two young brothers were nearby.

Defendant pulled down her shorts and her underwear. The victim squirmed. Defendant moved quickly. He used his hands to roll her over onto her side, physically moving her into a position that facilitated the rape. He inserted his penis into her vagina from behind. Then he removed his penis and got on his knees. He attempted to roll the victim over onto her knees but she resisted. She testified, "I just kept like squirming and moving so that he couldn't." Eventually, defendant let go of her. The victim ran to the guest bedroom where her brothers were sleeping, locked herself in and called for help. She was crying hysterically. During the assault, the victim was "freaked . . . out" in her words. She thought about whether defendant would try to kill her. She did not want to do anything to alert her young brothers that anything was wrong. This was substantial evidence of force within the meaning of section 261, subdivision (a)(2). (See *People v. Hale, supra,* 204 Cal.App.4th at p. 979; *In re Asencio, supra,* 166 Cal.App.4th at pp. 1205-1206; *People v. Mejia, supra,* 155 Cal.App.4th at pp. 100-102; *In re Jose P., supra,* 131 Cal.App.4th at pp. 116-118.)

B. Sentencing

1. Section 654, subdivision (a)

The trial court stayed the sentence on count 3, unlawful sexual intercourse with a person under 18 (§ 261.5, subd. (c)). The trial court stated, "Count 3, I'm going to strike the punishment on that pursuant to 654." This was error. The trial court was required to first select one of the three determinate terms (§ 1170, subd. (h)(1)) and then stay execution of it. (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1327; *People v.*

*Jenkins* (1965) 231 Cal.App.2d 928, 934-935; see *People v. Jones* (2012) 54 Cal.4th 350, 353 [the accepted procedure is to sentence for each count then stay execution].) The sentence must be reversed as to count 3. Upon remittitur issuance, the trial court is to select one of the three possible terms and then stay it. (*People v. Crabtree, supra,* 169 Cal.App.4th at p. 1327; *People v. Price* (1986) 184 Cal.App.3d 1405, 1411 ["an incorrect application of section 654 produces an unauthorized sentence which may be rectified on remand"].)

## 2. Court security and facilities assessments

The trial court imposed a single $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and a single $40 court operations assessment (§ 1465.8, subd. (a)(1)). However, defendant was convicted on two counts. The trial court was required to impose the assessments on each of the two counts including the stayed count. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 484-485; *People v. Crittle* (2007) 154 Cal.App.4th 368, 370-371.) The judgment must be modified and the abstract of judgment corrected to reflect $60 in court facilities assessments and $80 in court operations assessments. (See *People v. Rader* (2014) 228 Cal.App.4th 184, 200-201; *People v. Smith* (2011) 198 Cal.App.4th 415, 440-441; *People v. Taylor* (2004) 118 Cal.App.4th 454, 460-461.)

## III. DISPOSITION

The judgment staying count 3 under Penal Code section 654, subdivision (a), is reversed. Upon remittitur issuance, the trial court must select a determinate term on count 3 and then stay its execution. The judgment is modified to include $60 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)) and $80 in court operations assessments (Pen. Code, § 1465.8, subd. (a)(1)). The judgment is affirmed in all other

6

respects.  The clerk of the superior court is to prepare an amended abstract of judgment reflecting the sentence on count 3 and the modified assessments and deliver a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

KRIEGLER, J.