Filed 10/29/14  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL DAVIS,<br><br>    Defendant and Appellant. | C075669<br><br>(Super. Ct. No. 13F04546) |

Defendant Michael Davis was convicted following a jury trial of possession of cocaine base for sale and received a split sentence consisting of two years in the county jail and 12 years on mandatory supervision.  The trial court orally imposed certain conditions of mandatory supervision at the sentencing hearing.  The trial court's minute order, which incorporates the probation report, sets forth additional conditions that were not orally imposed at sentencing.  On appeal, defendant contends the minute order must be modified to eliminate the new conditions.  The People urge us to remand for

1

resentencing to allow the trial court to clarify its order. We shall adopt the People's proposed solution and remand for resentencing.

BACKGROUND

We dispense with a recitation of the facts surrounding defendant's crime as they are not relevant to the issue raised on appeal.

Defendant was charged with possession of cocaine base for sale. The information also alleged two prior drug convictions and four prior prison terms.

Defendant was convicted following a jury trial of possession of cocaine base for sale on October 22, 2013. He waived his right to a jury trial on the prior conviction allegations.

On December 5, 2013, the trial court found true defendant's two prior drug convictions and three of his four prison priors. The trial court then sentenced defendant to a term of 14 years based on a five-year upper term on the underlying offense, two three-year terms on the prior drug convictions, and three one-year terms for the prison priors. The trial court imposed a split sentence, with two years in the county jail and the remaining 12 years on mandatory supervision.

During the sentencing hearing, the trial court described the conditions of mandatory supervision as follows: "The conditions of supervision are that Mr. Davis obey all laws. Your person, property, and vehicle are subject to search. You must follow the instructions of the probation department, report to the probation department within two business days of your release from jail, and you are not to knowingly possess or knowingly associate with anyone who is possessing or using any controlled substance." The trial court rejected the probation department's recommendation that defendant complete an AIDS education program and ordered him to register as a drug offender. The trial court also notified defendant that his felony conviction prohibited him from possessing firearms or ammunition. The minute order from the sentencing hearing provides in pertinent part: "THE CONCLUDING TERM 12Y SHALL BE ON

2

MANDATORY SUPERVISION OF THE PROB DEPT. UNDER T&C IN RPT PGS 17-21; AS MOD."

Pages 17 through 21 of the probation department's report sets forth numerous conditions, some of which are circled and some are not. Each of the circled conditions was orally imposed by the trial court during the sentencing hearing. These conditions include the requirement that defendant submit to a search of himself or his property without a warrant, not use or possess any controlled substances, not be any place where he knows illegal controlled substances are present, not associate with anyone he knows illegally possesses controlled substances, and register as a drug offender. Defendant does not challenge any of the foregoing conditions.

The probation report also sets forth several conditions that are not circled but were orally imposed at the sentencing hearing. These conditions include the requirement that defendant obey all laws, follow the instructions of the probation department, and not be in possession of firearms or ammunition. Defendant does not challenge the imposition of these conditions, but suggests that we modify the minute order to clarify that they were actually imposed at sentencing.

The probation report also sets forth several conditions that were neither circled nor orally imposed at the sentencing hearing. These conditions include the requirement that defendant seek and obtain professional counseling or treatment, the requirement that defendant pay a mandatory laboratory fee fine in the amount of $50, the requirement that defendant participate in a drug/alcohol intervention program, the requirement that defendant participate in a treatment intervention program addressing criminal associates, the requirement that defendant participate in a treatment intervention program addressing criminal thinking, the requirement that defendant seek and maintain regular employment,

3

the prohibition on leaving the state without permission, the requirement that defendant report to the division of adult probation as directed, the requirement that defendant allow probation officers to visit his home and place of employment, and the requirement that defendant inform probation officers of dogs and other pets with potential to cause harm in his residence. Defendant contends the foregoing conditions were not validly imposed and should be stricken from the trial court's minute order.

The probation report also contains a condition that defendant complete an AIDS education program, which has been stricken by interlineation, consistent with the trial court's oral pronouncement. Neither party challenges the trial court's decision to strike the AIDS education program, but we mention the issue for reasons that will become apparent later in this opinion.

Defendant filed a timely notice of appeal.

DISCUSSION

The parties agree that the conditions of mandatory supervision that were orally imposed by the trial court at the sentencing hearing are not the same as the conditions set forth in the minute order and probation report. We have reviewed the record and concur. The parties disagree as to how the inconsistency should be resolved. Relying on the general rule that any conflict between a court's oral pronouncement of judgment and a clerk's minutes must be resolved in favor of the oral pronouncement, defendant urges us to strike conditions that were not orally imposed at sentencing from the minute order. The People, for their part, suggest that we remand for resentencing to allow the trial court to clarify its order. We agree with the People's proposed solution.

The general rule is that where the oral pronouncement conflicts with the clerk's minute order, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) This is particularly true where the trial court imposes judgment and sentence in a felony case since, with certain exceptions, " 'judgment and sentence in felony cases may be imposed only in the presence of the accused.' " (*People v. Zackery* (2007)

4

147 Cal.App.4th 380, 386-387, quoting *In re Levi* (1952) 39 Cal.2d 41, 45; see also Pen. Code, § 1193, subd. (a).)[1]

Of course, the trial court has inherent power to correct clerical errors in the minute order and abstract of judgment, i.e., those errors "inadvertently made" by the clerk, counsel, or by the court itself, on its own motion or on the application of the parties. (*People v. Jack* (1989) 213 Cal.App.3d 913, 915-916 and cases cited therein.) But judicial error -- error "made advertently in the exercise of judgment or discretion" -- can only be corrected by appropriate statutory procedure. (*Id*. at p. 915.) Applying these general concepts, defendant argues that the discrepancies between the trial court's oral pronouncement and minute order are judicial errors that cannot be corrected by amendment. We disagree.

"The difference between judicial and clerical error rests not upon the party committing the error, but rather on whether it was the deliberate result of judicial reasoning and determination. The distinction between clerical error and judicial error is

---

[1]    We assume without deciding that the oral pronouncement of judgment rule applies to an order imposing conditions of mandatory supervision. As noted, the rule arises from the requirement that a felony judgment be imposed in the defendant's presence. (Pen. Code, § 1193, subd. (a); *People v. Zackery*, *supra,* 147 Cal.App.4th at pp. 386-387.) The rule does not apply to an order of probation, which is not required to occur in the defendant's presence. (*People v. Thrash* (1978) 80 Cal.App.3d 898, 901-902 [conditions of probation "need not be spelled out in great detail in court as long as the defendant knows what they are"].) However, mandatory supervision and probation are not the same. Although mandatory supervision is monitored by county probation officers "in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation" (Pen. Code, § 1170, subd. (h)(5)(B)(i)), "this does not mean placing a defendant on mandatory supervision is the equivalent of granting probation or giving a conditional sentence. Indeed, [Penal Code] section 1170, subdivision (h), comes into play only after probation has been denied." (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422.) Consequently, we cannot rely on Penal Code section 1203, subdivision (b)(3) and *Thrash* to conclude that the oral pronouncement of judgment rule does not apply. We need not resolve the question whether the rule applies to an order imposing conditions of mandatory supervision to decide the present case.

5

whether the error was made in rendering the judgment, or in recording the judgment rendered." (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1238; see also *In re Candelario* (1970) 3 Cal.3d 702, 705.) Clerical error includes "inadvertent errors made by the court 'which cannot reasonably be attributed to the exercise of judicial consideration or discretion.' " (*Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1034; *Bowden v. Green* (1982) 128 Cal.App.3d 65, 71.) In contrast, "judicial error is the deliberate result of judicial reasoning and determination." (*Conservatorship of Tobias,* at p. 1035.) " 'The test is simply whether the challenged judgment was made or entered inadvertently (clerical error) or advertently (judicial error).' " (*Bowden*, at p. 71.)

We cannot conclude from the present record that the omission of conditions from the judgment was the "deliberate result of judicial reasoning and determination." (*Conservatorship of Tobias, supra,* 208 Cal.App.3d at p. 1035.) When the trial court decided to exclude the AIDS education condition from the judgment, the court did so clearly and unambiguously on the record. By contrast, there is nothing in the record to suggest that the trial court intended to exclude any of the probation department's other proposed conditions of supervision. Indeed, the court failed to impose the lab fee, which is mandatory. (*People v. Taylor* (2004) 118 Cal.App.4th 454, 456; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413.) It had no discretion to decline to impose this fee. Thus, the court's failure to impose this fee is a further indication that the failure to orally impose the other conditions may have been the product of oversight and not an exercise of discretion. Under the circumstances, we cannot conclude that the trial court's omission of conditions from the judgment constitutes judicial error.

6

In the absence of any indication that the omission was intentional, we remand for resentencing to give the trial court an opportunity to clarify its order. We find support for this result in *People v. Prater* (1977) 71 Cal.App.3d 695, 702-703, in which the trial court sentenced the defendant to the term prescribed by law without mentioning a weapon use allegation (Pen. Code, § 12022.5), and later signed an abstract of judgment showing the imposition of the term with the weapon use enhancement. The Court of Appeal rejected defendant's invitation to strike the weapon use enhancement from the abstract of judgment, stating: "we do not believe a reasonable inference can be made that the trial court intended an act of leniency when it failed to mention [Penal Code] section 12022.5 at the time of sentencing. Rather, a more logical explanation is that the omission was simply the result of judicial oversight." (*Prater*, at p. 703.) Under the circumstances, the Court of Appeal concluded: "We believe the best approach and one in keeping with the ABA standards for the administration of criminal justice is to remove any possible uncertainty caused by the trial court's failure to mention [Penal Code] section 12022.5 at the oral pronouncement of judgment by remanding the matter for resentencing. By this procedure, we will end with finality any speculation whether the trial court intended to impose the additional punishment provided by [Penal Code] section 12022.5." (*Prater*, at p. 703.)

Likewise, in the present case, we suspect that the trial court's failure to impose the challenged conditions at sentencing was more likely the result of judicial oversight than " 'deliberately exercised judicial discretion.' " (*In re Candelario*, *supra,* 3 Cal.3d at p. 705, citing *In re Wimbs* (1966) 65 Cal.2d 490, 498.) However, in order to remove any possible uncertainty caused by the trial court's failure to mention the challenged conditions at sentencing, we shall remand this matter to the trial court for resentencing on this limited issue. (*People v. Prater, supra,* 71 Cal.App.3d at pp. 703, 705.)

DISPOSITION

The matter is remanded to the trial court for resentencing.  In addition to clarifying its sentence, the court is directed to impose the mandatory lab fee pursuant to Health and Safety Code section 11372.5, subdivision (a) and the applicable penalty assessments.  In all other respects, the judgment is affirmed.


          ROBIE          , Acting P. J.


We concur:


     MURRAY       , J.


     DUARTE       , J.