Filed 5/7/15  P. v. Reuben CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D066872 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD257600) |
| LEONARD DION REUBEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed as modified with directions.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala Harris, Attorney General, for Plaintiff and Respondent.

Appellant Leonard Dion Reuben pleaded guilty to sale of a controlled substance, methamphetamine (Health & Saf. Code, § 11379, subd. (a)) in exchange for a split sentence of one year in custody and two years of mandatory supervision.  The court dismissed allegations that Reuben suffered three prior prison terms within the meaning of

Penal Code section 667.5, subdivision (b). It sentenced Reuben to the agreed-upon terms, granted him 149 days of actual and local conduct credits and ordered him to pay various fines and fees. Reuben appeals from the final judgment entered after that plea under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We offered Reuben the opportunity to file his own brief on appeal but he has not responded.

FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from the probation officer's report. In July 2014, the San Diego Police Department conducted a "buy/bust" operation in downtown San Diego on C Street using an undercover officer. The officer contacted Reuben and asked, "Do you know where I can find some tweek [methamphetamine]?" Reuben asked if he was an officer and the officer answered in the negative. Reuben then sold the officer .15 grams of methamphetamine for $40.

The People charged Reuben with selling, furnishing or offering to sell methamphetamine, and alleged he had suffered two prior probation denial priors within the meaning of Penal Code section 1203, subdivision (e)(4) as well as three prior prison terms within the meaning of Penal Code sections 667.5, subdivision (b) and 668. Reuben initially pleaded not guilty and denied the allegations, but then withdrew his not guilty plea and entered into a negotiated plea agreement. Under that agreement, Reuben pleaded guilty to selling methamphetamine in exchange for a stipulated three-year sentence of one year in local custody and two years of mandatory supervision. As part of that plea, Reuben waived his right to appeal the stipulated sentence. The court confirmed

2

that Reuben was not promised anything in exchange for the plea, that he understood he was giving up constitutional trial rights reflected in the plea form, and that he understood and agreed to the plea terms. It accepted the plea, finding Reuben entered into a knowing, intelligent and voluntary waiver of his constitutional rights. The court dismissed the balance of the charges.

In October 2012, the court sentenced Reuben pursuant to the plea terms. It imposed but suspended unless supervision was revoked a $900 restitution fine, and ordered him to pay a $40 criminal conviction assessment, a $30 court operations assessment, a $154 criminal justice administration fee, a $615 drug program fee, and a $205 laboratory analysis fee. It awarded Reuben 75 days of actual and 74 days of Penal Code section 4019 local conduct credits for a total of 149 days of presentence custody credits.

Reuben timely filed a notice of appeal but did not obtain a certificate of probable cause (Pen. Code, § 1237.5).

## DISCUSSION

Appellate counsel indicates she is unable to identify any reasonably arguable issues for appeal and has asked this court to review the record for error. (*Wende, supra*, 25 Cal.3d 436.) Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel has identified the following issues in order to assist the court in its search for error:

1. Did Reuben validly waive his right to appeal as part of the plea bargain?

2. Was Reuben's guilty plea constitutionally valid?

3. Did Reuben receive effective assistance of counsel?

3

We have reviewed the entire record consistent with the mandate of *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738. We have not identified any reasonably arguable issues for reversal on appeal. Reuben has been represented by competent counsel on this appeal.

We note that the abstract of judgment does not reflect the mandatory drug program (Health & Saf. Code § 11372.7) and laboratory analysis (Health & Saf. Code, § 11372.5) fees ordered by the court during Reuben's sentencing hearing.[1] (See *People v. Turner*

---

[1] Because the statutes limit the drug program and laboratory analysis fees to $150 and $50 respectively, the amounts recommended by the probation officer and ordered by the court necessarily include required penalty assessments and surcharges. (See *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1153; *People v. Sharret* (2011) 191 Cal.App.4th 859, 863-864; *People v. Taylor* (2004) 118 Cal.App.4th 454; *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1520-1522.) On May 1, 2015, the Nevada County Appellate Division decided *People v. Moore* (May 1, 2015, No. AP14-0020) ___ Cal.App.4th ___ [2015 WL 1967947], and held that penalty assessments were erroneously levied on the Health and Safety Code section 11372.5 laboratory analysis fee imposed in that case. *Moore* followed *People v. Vega* (2005) 130 Cal.App.4th 183 and characterized that case as disagreeing with *People v. Sierra* (1995) 37 Cal.App.4th 1690, which held those fees are subject to penalty assessments because they are penal in nature. (*Moore*, at *3.) Interpreting the term "total fine" within Penal Code section 1463, subdivision (*l*), *Moore* concluded that "the [L]egislature intended when it drafted [Health and Safety Code s]ections 11372.5 and 11372.7 that a trial court should first determine the 'base fine' applicable to the offense(s), then levy the proper penalty assessments, surcharges, etc., on that base fine . . . . to determine the 'total fine,' *and then* increase that 'total fine' sum by the increment of any fees imposed under [Health and Safety Code] sections 11362.5 and 11362.7, to arrive at the ultimate fine imposed on a convicted drug offender." (*Moore*, at *4.) But in *People v. Talibdeen*, *supra*, 27 Cal.4th 1151, the California Supreme Court, addressing whether a trial court has discretion to waive penalties under Penal Code section 1464, proceeded on the basis that penalty assessments applied to a Health and Safety Code section 11372.5 laboratory analysis fee did not constitute an unauthorized sentence, and that assessment of penalties on that fee was mandatory. (*Talibdeen*, 27 Cal.4th at p. 1153 & fn. 2.) The court in *People v. Sharret* more recently reaffirmed that the Legislature intended the Health and Safety Code section 11371.5 laboratory analysis fee to be punitive. (*People v. Sharret*, 191 Cal.App.4th at p. 869.) In our view,

4

(2002) 96 Cal.App.4th 1409, 1413 [laboratory analysis fee is mandatory]; *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050 [drug program fee and laboratory analysis fees are mandatory].)  The drug program fee statute contains an ability to pay provision (Health & Saf. Code § 11372.7, subd. (b)[2]), and while the trial court did not make an express determination of Reuben's ability to pay, the probation report indicates Reuben had received a $65,000 inheritance from his mother and had the ability to rent a motel room before his arrest.  The court was not required to state its ability to pay finding on the record.  (*People v. Martinez, supra*, 65 Cal.App.4th at p. 1518 [trial court "is not required to state its finding on the record" when determining whether a person is able to pay a drug program fee]; see also *People v. Staley* (1992) 10 Cal.App.4th 782, 785 [Health and Safety Code section 11372.7 "does not require the trial court to make an express finding of ability to pay a drug program fee"].)  Accordingly, we will presume the trial court found Reuben had the ability to pay the drug program fee.  (*Clark*, at p. 1050; *Staley*, at

---

*Talibdeen* controls, and the *Moore* court has misinterpreted *Vega*, which merely addressed whether the laboratory analysis fee applied to the conviction in the first instance, not whether penalty assessments were properly levied on that fee. (*People v. Vega*, 130 Cal.App.4th at p. 195.)

[2]      Health and Safety Code section 11372.7, subdivision (b) provides that "[t]he court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee.  If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability.  In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution.  If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."

pp. 785-786; Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].) Furthermore, counsel's failure to object on the basis of Reuben's ability to pay forfeited any challenge to imposition of the drug program fee on appeal. (Accord, *People v. McCollough* (2013) 56 Cal.4th 589, 597 [ability to pay booking fee].) The statute authorizing imposition of a laboratory analysis fee does not require an ability-to-pay finding. (*Staley*, at pp. 784-785.)

We therefore modify the judgment to include a $615 drug program fee and a $205 laboratory analysis fee.

DISPOSITION

The judgment is modified to include a $615 drug program fee (Health & Saf. Code, § 11372.7) and a $205 laboratory analysis fee (Health & Saf. Code, § 11372.5). As so modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect those fees and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


NARES, J.


7