Filed 1/12/16  P. v. Wharton CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B260317 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA425744) |
| v. | |
| GENIEKA WHARTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, C.H. Rehm, Jr., Judge.  Affirmed in part; reversed in part with directions.

Nadezhda M. Habinek, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Michael R. Johnsen, Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

Genieka Wharton appeals from a judgment following her conviction for one count of sale of a controlled substance. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting this court to review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue that would result in reversal of appellant's conviction. But we invited briefing on two issues related to the fines and fees imposed by the trial court. Finding error in the imposition of those fines and fees, we must remand appellant's sentence for further proceedings.

## PROCEDURAL HISTORY

Appellant was charged with one count of violating Health and Safety Code section 11352, subdivision (a), sale of a controlled substance, to wit, cocaine. She pled not guilty. Before trial, the court granted her motion for discovery pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. On the day set for trial, the court denied her motion to remove her counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The case proceeded to a jury trial. Appellant elected not to testify and the court denied her motion to dismiss pursuant to Penal Code section 1118.1. The jury found her guilty as charged. The court sentenced her to time served (42 days in custody) and placed her on three years of formal probation. It imposed the following fines and fees: a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)); a $30 criminal conviction fee (Gov. Code, § 70373); a $150 drug program fee (Health & Saf. Code, § 11372.7, subd. (a)); a $20 DNA assessment (Gov. Code, § 76104.7); a $50 laboratory analysis fee "plus penalty assessments" (Health & Saf. Code, § 11372.5, subd. (a)); a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)); a suspended $300 probation revocation restitution fine (Pen. Code, § 1202.44); $2,386 in attorney fees, subject to appellant meeting with a financial evaluator (Pen. Code, § 987.8); and the actual cost of probation services (Pen. Code, § 1203.1b). Appellant timely appealed.

## STATEMENT OF FACTS

Los Angeles Police Officer Edgar Ramos was working undercover on June 3, 2014, at approximately 8:00 p.m. in the area of 47th Street and Vermont Avenue in Los

Angeles. He spotted a woman by the name of Ms. Allen with two companions and asked them if anyone had a "20," which was street vernacular for $20 worth of narcotics. A woman in Ms. Allen's group responded there was no one around at that time, and the group crossed the street. Officer Ramos approached Ms. Allen again five minutes later, and she indicated no one was present yet. Soon after, Ms. Allen yelled to an unidentified Black female walking down 47th Street and told Officer Ramos she might have it. Officer Ramos approached the female, but she refused to speak to him. The female used Ms. Allen's phone to make a call and walked away. Officer Ramos then spotted appellant walking in their direction, and Ms. Allen pointed to her and said "she's got it." Ms. Allen asked Officer Ramos for money, and he gave her a prerecorded $20 bill. Ms. Allen walked toward appellant, and after they exchanged some words, Ms. Allen handed appellant the $20 bill in exchange for something. Ms. Allen returned to Officer Ramos and handed him two off-white solids wrapped in a clear plastic bindle. In return, he handed her a prerecorded $10 bill as payment. Officer Ramos walked away and signaled to other officers the transaction had taken place. Officers then arrested and searched appellant and Ms. Allen, recovering, among other items, the prerecorded $10 bill and a glass pipe from Ms. Allen and the prerecorded $20 bill from appellant. Analysis of one of the off-white solids in the plastic bindle revealed it was comprised of 0.31 grams of cocaine in the form of cocaine base.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On July 7, 2015, we advised appellant she had 30 days to submit any contentions or issues she wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist that would compel reversal of her conviction. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra,* 25 Cal.3d at p. 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

However, we requested supplemental briefing on the following two issues related to the fines and fees imposed by the trial court: (1) Was it error for the trial court not to impose the penalty assessments on the $150 drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a)? (2) Should the sentencing minute order be amended to specifically list the amounts and statutory authority for the penalty assessments attached to the $50 crime laboratory drug analysis fee pursuant to Health and Safety Code section 11372.5, subdivision (a) and the $150 drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a)? The parties filed simultaneous supplemental briefs and respondent filed a supplemental reply brief. After reviewing the parties' submissions, we find remand is required.

## 1. Penalty Assessments in Addition to Drug Program Fee (Health & Saf. Code, § 11372.7, Subd. (a))

The parties agree the trial court erred in not assessing the following seven additional mandatory penalty assessments totaling $465 when it imposed the $150 drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a): a $150 state penalty (Pen. Code, § 1464, subd. (a)(1)); a $105 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $30 state surcharge (Pen. Code, § 1465.7, subd. (a)); a $75 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $30 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)); a $15 DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)); and a $60 state-only DNA penalty (Gov. Code, § 76104.7, subd. (a)). (See *People v. Sharret* (2011) 191 Cal.App.4th 859, 864 (*Sharret*).)

Normally a Court of Appeal may correct a judgment on appeal to impose these mandatory penalty assessments. (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530 (*Castellanos*) ["Because the seven additional assessments, surcharge, and penalties are mandatory, their omission may be corrected for the first time on appeal."].) However, Health and Safety Code section 11372.7 contains an ability to pay provision. (Health & Saf. Code, § 11372.7, subd. (b) ["The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount

4

to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability.  In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution.  If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee."]; see *People v. Corrales* (2013) 213 Cal.App.4th 696, 702 (*Corrales*); *Sharret, supra*, 191 Cal.App.4th at p. 864.)  The record does not reflect the court expressly considered appellant's ability to pay, but we may presume it did when it imposed the $150 assessment.  (See *Corrales, supra*, at p. 702 ["We presume the trial court determined defendant was able to pay a $150 fee."]; *Castellanos, supra*, at p. 1531 ["[I]mplicit in the imposition of the $10 . . . fine is the trial court's finding defendant had the ability to pay."].)

Nonetheless, the additional mandatory penalty assessments increase the fee by $465, and the court must take that into account in assessing appellant's ability to pay. (See *Corrales, supra*, 213 Cal.App.4th at p. 702; *Castellanos, supra,* 175 Cal.App.4th at p. 1532; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1250.)  Because the court did not impose these additional mandatory assessments when it imposed the fee pursuant to Health and Safety Code section 11372.7, subdivision (a), we presume the court did not consider them in assessing appellant's ability to pay.  Thus, the parties agree—as do we—that remand is necessary for the court to make a new determination of appellant's ability to pay the fee imposed by Health and Safety Code section 11372.7, subdivision (b) in light of her total financial obligations.  (See *People v. Johnson* (2015) 234 Cal.App.4th 1432, 1459 (*Johnson*).)  Appellant has the burden on remand to demonstrate her inability to pay.  (*Valenzuela, supra*, at p. 1250.)

## 2.  *Sentencing Minute Order*

Several courts have approved of the practice of trial courts orally imposing the penalty assessments on the fees pursuant to Health and Safety Code sections 11372.5 and 11372.7 by simply stating those fees are imposed "plus penalty assessments."  (See

*People v. Hamed* (2013) 221 Cal.App.4th 928, 939-940; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373; *Sharret, supra*, 191 Cal.App.4th at p. 864.)  But the court must ensure the sentencing minute order and abstract of judgment set forth the specific amounts and statutory authority for each penalty and surcharge.  (*Johnson, supra*, 234 Cal.App.4th at p. 1459; *Hamed, supra*, at p. 940; *Sharret, supra*, at p. 864.)

As we explained above, the court imposed the drug program fee pursuant to Health and Safety Code section 11372.7 without the mandatory additional assessments. At the sentencing hearing, the court also orally imposed the crime laboratory drug analysis fee pursuant to Health and Safety Code section 11372.5, subdivision (a), "plus penalty assessments."[1]  While that was permissible, the sentencing minute order failed to list the specific penalty amounts and their statutory bases.  Following the proceedings on remand regarding appellant's ability to pay the Health and Safety Code section 11372.7 fee, the court must ensure the sentencing minute order sets forth the amount and statutory authority for each penalty assessment attached to the fees imposed by Health and Safety Code sections 11372.5 and 11372.7.[2]  (See *Sharret, supra*, 191 Cal.App.4th at pp. 863-864.)

### DISPOSITION

The imposition of the drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a) is reversed.  Upon issuance of the remittur, the trial court is directed to determine appellant's ability to pay the drug program fee pursuant to Health and Safety Code section 11372.7, subdivision (a) in light of the additional mandatory penalty assessments and appellant's other financial obligations.  If appellant has the ability to pay, the drug program fee is to be reinstated with the additional penalty

---

[1]    The same penalty assessments apply to Health and Safety Code sections 11372.5 and 11372.7.  (*Sharret, supra*, 191 Cal.App.4th at pp. 863-864.)

[2]    The sentencing minute order reflects the court separately imposed a $20 state-only DNA penalty (Gov. Code, § 76104.7, subd. (a)), which was part of the penalties attached to the $50 crime laboratory drug analysis fee pursuant to Health and Safety Code section 11372.5.  (See *Sharret, supra*, 191 Cal.App.4th at p. 864.)

assessments.  The superior court is directed to ensure the sentencing minute order properly lists the amounts and statutory authority for each penalty assessment.  In all other respects, the judgment is affirmed.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.