Filed 5/19/16  P. v. Carrell-Stephens  CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080672 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F03231) |
| v. | |
| DUSTIN DANIEL CARRELL-STEPHENS, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On May 30, 2015, defendant Dustin Daniel Carrell-Stephens and his accomplices entered a home improvement store and stole tools and other property.  The total amount of the property stolen exceeded $950.

Defendant pleaded no contest to grand theft of property with a value exceeding $950 (Pen. Code, § 487, subd. (a))[1] and admitted a strike prior (2006 first degree burglary) (§§ 667, subds. (b)-(i), 1170.12) with a court-indicated sentence of three years

---

[1] Undesignated statutory references are to the Penal Code.

1

in state prison. The trial court (Judge Davidian) immediately dismissed the strike prior. (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)

After defendant waived his right pursuant to *People v. Arbuckle* (1978) 22 Cal.3d 749, the trial court (Judge Orr) imposed the upper term of three years for the offense.

Defendant appeals. The trial court denied his request for a certificate of probable cause. (§ 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We note an error at sentencing. A $40 court operation assessment (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373) appear on the abstract of judgment. The court stated it was imposing a "court security surcharge" but did not refer to any statutory authority and did not specify an amount. The trial court should have orally imposed the assessments before the clerk added them to the abstract of judgment, but the trial court had no discretion on imposing the two fees. Both the court operation assessment and the criminal conviction assessment are mandatory. Generally, an oral pronouncement of judgment controls (*People v. Mesa* (1975) 14 Cal.3d 466, 471), but where assessments are mandatory, "their omission may be corrected for the first time on appeal" (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530). Thus, there is no need for defendant to be given an opportunity to address their imposition. The trial court's failure to impose these assessments is sentencing error which we correct on appeal. We will order the judgment modified to provide for these two assessments. Since the abstract of judgment already reflects their imposition, we need not order the trial court to prepare an amended abstract.

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to provide for a $40 court operations assessment and a $30 criminal conviction assessment.  An amendment of the abstract is not required since these fees already appear on the abstract.  As modified, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

NICHOLSON, Acting P. J.

/S/

_____

MURRAY, J.