Filed 6/16/16  P. v. Tautau CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080882 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F01195) |
| v. | |
| NICKLAUS TAUTAU, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  In the hours between February 23 and February 24, 2015, defendant Nicklaus Tautau along with two women met Jyn Yang at a local grocery store.  They asked Yang to give them money to bail defendant's brother out of jail.  Yang refused and defendant pulled out a gun and held it to Yang's side.  Defendant told Yang he "was not kidding around, and . . . this was for real."

One of the women then took money out of Yang's wallet.  She told defendant and Yang to follow her; she traveled to a bail bondsman.  Afraid for his life, Yang followed but did not have more money for defendant's brother's bail.  Yang "was then driven" to a

1

bank but was unable to take money out of his account. At this point, defendant told Yang to go to his mother's house and get money from her. Still afraid for his life, Yang went to his mother's house and came out with $3,000.

The People later charged defendant with several felonies, including kidnapping (Pen. Code, § 207, subd. (a)—count three).[1] The People also alleged defendant was previously convicted of first degree burglary (§ 459), a strike offense (§§ 1170.12, subd. (c), 667, subds. (a)(1) & (e)).

Defendant pleaded no contest to kidnapping and admitted the prior strike conviction. In exchange for his plea, the People agreed to a stipulated term of 15 years in state prison. The trial court sentenced defendant in accordance with his plea and dismissed the remaining charges in the interest of justice. The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)) and stayed a $300 parole revocation fine (§ 1202.45). The court also awarded defendant 187 days of custody credit (163 actual and 24 good conduct days). (§ 2933.1)

Defendant appeals without a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We note an error at sentencing. A $40 court operations assessment (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373) appear on the abstract of

---

[1] Undesignated statutory references are to the Penal Code.

judgment. The court did not orally impose either of these assessments. The trial court should have orally imposed the assessments before the clerk added them to the abstract of judgment, but the trial court had no discretion on imposing the two fees. Both the court operation assessment and the criminal conviction assessment are mandatory. Generally, an oral pronouncement of judgment controls (*People v. Mesa* (1975) 14 Cal.3d 466, 471), but where assessments are mandatory, "their omission may be corrected for the first time on appeal" (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530). The trial court's failure to impose these assessments is sentencing error, which we correct on appeal. We will order the judgment modified to provide for these two assessments. Since the abstract of judgment already reflects their imposition, we need not order the trial court to prepare an amended abstract.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to provide for a $40 court operations assessment and a $30 criminal conviction assessment. An amendment of the abstract is not required because these fees already appear on the abstract. As modified, the judgment is affirmed.

                                               BUTZ                , J.

We concur:


HULL                , Acting P. J.


ROBIE                , J.

3