Filed 4/4/24  P. v. Blueford CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ADAM BLUEFORD,<br><br>        Defendant and Appellant. | C099165<br><br>(Super. Ct. No. 21FE017525) |

Appointed counsel for defendant Adam Blueford asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will modify the judgment to specify the statutory authority for, and amount of, two mandatory assessments and, as so modified, affirm.

1

BACKGROUND

The victim reported to her stepmother that defendant sexually assaulted her more than 100 times when she was between 10 and 13 years old. She described incidents of vaginal intercourse, oral copulation, and digital penetration.

An amended information charged defendant with 21 counts of committing a lewd and lascivious act on a child under the age of 14 by use of force, violence, duress, menace, or fear of immediate and unlawful bodily injury. (Pen. Code, § 288, subd. (b)(1).)[1] The information also alleged six circumstances in aggravation. (Cal. Rules of Court, rule 4.421(a)(1), (a)(3), (a)(8), (a)(11), (b)(2), (b)(4).)

Defendant waived his constitutional rights and pleaded no contest to counts one, four, seven, and sixteen, and admitted the aggravating circumstance that the victim was particularly vulnerable. (Cal. Rules of Court, rule 4.421(a)(3).) The plea agreement provided the trial court would sentence defendant to the upper term of 10 years on each count for an aggregate prison sentence of 40 years. The balance of the counts and circumstances in aggravation were to be dismissed.

Approximately three months later, defendant filed a motion to withdraw his plea. He asserted he did not voluntarily and intelligently enter into his plea because, at the time, he had been without his required medication for the preceding 14 days after he was relocated to Folsom State Prison due to flooding. Because he had not been taking his required medication, he experienced confusion and racing thoughts, preventing him from understanding the consequences of the plea agreement. Additionally, he asserted he did not receive the plea offer until minutes before entering his plea.

In argument on defendant's motion, the prosecutor noted the medical records, which are in the record on appeal, showed defendant had been prescribed certain

---

[1] Undesignated statutory references are to the Penal Code.

2

medications, but there was no indication he did not receive his medication. In fact, the medical records did not cover the relevant time period. Defense counsel noted he had sought additional records but he "could only present to this Court the records that I received. I did not see records in there that would say he did not get his medication at Folsom. So the only evidence that he did not receive his medication at Folsom is [defendant's] declaration." The trial court continued the matter to afford defendant additional time to produce evidence supporting his claim that he was deprived of his medication.

On June 16, 2023, before addressing the motion to withdraw, defendant indicated he wanted to replace his retained attorney with appointed counsel. The prosecutor opposed the request emphasizing its untimeliness and opining that "this is mostly due to the Defendant not liking the results of what happened when his defense attorney received his medical record, which show that he did, in fact, have his medication. Now he just wants a new attorney because he doesn't like what his current attorney has found." The trial court, in effect, denied defendant's request to dismiss his retained attorney. The court proceeded to deny defendant's motion to withdraw his plea. The court stated it would have granted the motion had defendant established he did not receive his medication for 14 days as claimed. The court continued: "but once the sum total of the reasons for the desire to withdraw the plea became essentially that you wish you hadn't entered the plea, that was not a legitimate basis for the report [*sic*] to grant a request to withdraw the plea. So that is denied."

On June 30, 2023, the trial court sentenced defendant to an aggregate determinate term of 40 years in prison, consisting of the upper term of 10 years on each count. The court dismissed the remaining counts. The court credited defendant with a total of 713 days, consisting of 620 actual days and 93 days of conduct credits. The court imposed a $1,000 restitution fine (§ 1202.4), a suspended $1,000 parole revocation restitution fine

(§ 1202.45), and stated that, otherwise, it was "imposing only minimum mandatory fees and fines. Nothing above minimum, nothing that's not mandatory."

Defendant filed a notice of appeal challenging the validity of his plea or admission and was granted a certificate of probable cause. Acting in propria persona, he filed a second notice of appeal, purporting to appeal from all pretrial rulings, all rulings made during trial, and the sentence. The record does not indicate defendant was granted a second certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

We note that a $160 court operations assessment (§ 1465.8) and a $120 criminal conviction assessment (Gov. Code, § 70373) appear on the abstract of judgment and corresponding minute order. The trial court did not specify these amounts or the applicable statutory authority. It would appear these were the "minimum mandatory fees and fines" the court imposed. The trial court should have orally imposed these assessments specifying the amounts and statutory authority for them, but the court had no discretion as to whether to impose them. Both the court operations assessment and the criminal conviction assessment are mandatory. (§ 1465.8; Gov. Code, § 70373; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.) Generally, the "oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment" (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864), but where assessments are mandatory, "their omission may be corrected for the first time on appeal" (*People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1530). The trial court's failure to specify the

4

amounts and statutory authority is a sentencing error which we may correct on appeal. We will order the judgment modified accordingly. Since the abstract of judgment already reflects imposition of these assessments, we need not order the trial court to prepare an amended abstract.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to include a $160 court operations assessment imposed pursuant to section 1465.8 and a $120 criminal conviction assessment imposed pursuant to Government Code section 70373. As modified, the judgment is affirmed.


                                         /s/
                                         Ashworth, J.*


We concur:


 /s/
Krause, Acting P. J.


 /s/
Boulware Eurie, J.

---

*      Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.